## In re EDWARD C. PIRSIG FARMS, INC., Debtor.

**Bankruptcy No. 3–83–2131.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 4, 1984.

Steven Kluz and John Saunders, Minneapolis, Minn., for John Deere.

Elizabeth Zerby, St. Paul, Minn., for debtor.

### ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the motion of the John Deere Company ("John Deere") for an order determining that the automatic stay imposed by 11 U.S.C.

§ 362(a) terminated by operation of law pursuant to 11 U.S.C. § 362(e).

Based on the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

Edward C. Pirsig Farms, Inc. filed a voluntary Chapter 11 bankruptcy petition on December 19, 1983. John Deere originally filed its motion for relief from the automatic stay on June 18, 1984. Due to the jurisdictional morass induced by Congress during July and August of 1984, no hearing was calendared within the requisite 30 days as contemplated by the Bankruptcy Code. See 11 U.S.C. § 362(e). However, on July 5, 1984 upon application by the debtor for an order extending the automatic stay, the Honorable Paul A. Magnuson, United States District Court Judge for the District of Minnesota, entered an order extending the automatic stay until further order of the court.

John Deere asserts that the automatic stay has terminated by operation of § 362(e). That section reads:

> (e) Thirty days after a request under subsection (d) of this section for relief from stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section.

John Deere argues that it is free to pursue state court remedies to recover its collateral because the stay has terminated in the absence of notice and a hearing within 30 days of the filing of the motion.

John Deere has been disingenuous in bringing this motion. During the pendency of the debtor's case, John Deere has sought to remove an adversary proceeding against it from the bankruptcy court. The subject matter of the adversary proceeding is a lien avoidance action by the debtor against John Deere with respect to the same collateral that is the subject of its lift stay motion. While the withdrawal of reference motion was pending before the district court, the Honorable Diana L. Murphy presiding, this court could not and would not be able to have any hearing with respect to the lift stay motion since the adversary proceeding is integrally related. John Deere's relief from stay motion could not have been determined without determining the substantive issues raised in the lien avoidance proceeding.

Furthermore, the bankruptcy court may reimpose the stay in certain circumstances. The Bankruptcy Code gives bankruptcy courts the power under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Under the circumstances and facts of this case, the court finds an order reinstating the stay is and would be a proper exercise of the § 105 power. See *Memphis Bank & Trust Company v. Brooks*, 10 B.R. 306 (W.D.Tenn.1981). The unique circumstances surrounding the bankruptcy court during July and August of 1984 make this order both "necessary" and "appropriate" to the administration of the bankruptcy estate. Therefore, although this court believes the July 5 order of the district court continued the automatic stay in full force and effect, this court also reimposes the automatic stay of 11 U.S.C. § 362.

THEREFORE, IT IS HEREBY ORDERED that the automatic stay under § 362 remain in full force and effect.