In re Valerie Ann WALLS, Debtor.

**GOLDOME REALTY CREDIT CORP., Movant,**

v.

**Valerie Ann WALLS and Eileen Voss, Trustee, Respondents.**

**Bankruptcy No. 87–01698–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 6, 1988.

T.J. Mullin, Clayton, Mo., for debtor.

---

Vernon D. Singer, Clayton, Mo., for Goldome Realty Credit Corp.

Eileen Voss, St. Louis, Mo., Trustee.

## ORDER

JAMES J. BARTA, Chief Judge.

This matter came on for hearing on October 6, 1988 upon the Debtor's oral motion to reinstate the automatic stay. The facts are essentially uncontested. The Debtor's Chapter 13 Petition was filed on June 9, 1987, and her repayment plan was confirmed on August 12, 1987. The pre-petition arrearage claim on behalf of Goldome Realty Credit Corporation is to be paid within the first 17 months after confirmation. Goldome holds a lien of a deed of trust on the Debtor's principal residence.

The Debtor subsequently missed several monthly mortgage payments which were to have been made to Goldome outside the confirmed plan. On March 25, 1988, the parties entered into a Stipulation which resolved Goldome's motion for relief from the stay, by requiring that all post-petition payments be brought current, and that future payments be made on time as required by the original note and deed of trust.

The Debtor again failed to make the regular monthly payments to Goldome for the months of April, May and June, 1988. Thereafter, consistent with the parties' Stipulation, Goldome gave notice of its intention to foreclose. After the Debtor failed to cure the default during the agreed-upon period, the Court entered an order granting relief from the automatic stay on July 11, 1988. Goldome then gave notice of its intention to conduct a foreclosure sale at twelve noon on October 6, 1988.

At the expedited hearing on the Debtor's request, counsel for the Debtor and counsel for Goldome presented oral argument and a limited amount of witness testimony. Upon consideration of the record as a whole, the Court announced its findings and conclusions and orders from the bench as summarized herein:

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). The Debtor has proffered to Goldome a cashier's check in an amount sufficient to pay all missed post-petition mortgage payments, all late charges, and all costs and fees associated with the foreclosure. Goldome's acceptance of this check would cause the Debtor to be current in her payments to Goldome outside the confirmed plan, but for the default.

The record indicates that the Debtor's Chapter 13 Plan payments to the Trustee are current. However, the Trustee had stopped making distributions to Goldome on the pre-petition arrearage claim immediately after the creditor was granted relief from the automatic stay. The Court has determined that the order granting relief from the automatic stay in this matter allowed the creditor to take such action as is necessary to accelerate the balance due under the note, in anticipation of exercising its rights to foreclose under the deed of trust. Therefore, the Chapter 13 Trustee has correctly suspended payments on a claim for pre-petition arrearages pending the creditor's report of the foreclosure sale.

In connection with this motion to reinstate, the Debtor has requested that the Trustee be directed to resume payments on the pre-petition arrearage claim, and that the original seventeen month cure period be extended by three months to provide for the distributions not made after relief from the stay was granted. Under the circumstances presented here, the Court finds and concludes that the proposed extended period to pay the pre-petition arrearage claim is reasonable as required by 11 U.S.C. § 1322.

As further support for her motion to reinstate the automatic stay, the Debtor has proposed that the Stipulation filed on March 25, 1988 will continue in force and effect, thereby extending to Goldome an expeditious procedure to foreclose should future payments again become delinquent. As an additional assurance that future payments will be timely made, the Debtor's counsel presented testimony from Willie Mae Hill, the Debtor's mother who represented that although she was not obligated on the note to Goldome, she would prompt-

**520**

ly make any mortgage payment which was not made by her daughter. Mrs. Hill is employed by the U.S. Postal Service, and has sufficient uncommitted monthly income to allow her to make such payments if necessary.

In response to this proposal, counsel for Goldome requested that Mrs. Hill be required to execute a document evidencing her personal guarantee of the Debtor's note.

The Court has concluded that the Debtor's proposals would result in the parties being placed in substantially the same position which existed when the Stipulation was filed. The only significant difference is that the pre-petition arrearage claim will require about three additional months for full payment. The Debtor was hospitalized at the time of this expedited hearing. Her mother testified that the household included several minor children. The Debtor has been employed by Ford Motor Company for more than ten years, and the plan payments are being deducted from her wages. Under the circumstances presented, it is equitable to afford the Debtor another opportunity to complete her Chapter 13 case.

Therefore, the Court concludes that the interests of Goldome will be adequately protected by the value of the Debtor's real property, by the terms of the confirmed plan, by the Debtor's representations and assurances that future payments outside the plan will be kept current, and by continuation of the terms of the parties' Stipulation.

IT IS ORDERED that this expedited hearing be concluded; and that the Debtor's motion to reinstate the automatic stay as to Goldome Realty Credit Corporation is granted, pursuant to 11 U.S.C. §§ 105 and 362; and that Goldome Realty Credit Corporation is stayed from continuing or recommencing any action to foreclose upon the deed of trust or other security interests upon the Debtor's property without further order of the Court; and that Eileen Voss, Trustee is to resume payments to Goldome Realty Credit Corporation upon its allowed claim for pre-petition arrearage; and

That the Stipulation entered into by the parties on March 25, 1988 is expanded in that, upon default by the Debtor, the Movant is to give notice of such to Willie May Hill, the Debtor's mother, in addition to the parties listed in the written Stipulation; and that said expanded Stipulation shall continue in force and effect until further order of the Court.