Daniel Lee LYBROOK and Linda Lou Lybrook, Plaintiffs–Appellants,

v.

Margret G. ROBB, Defendant–Appellee.

Civ. No. L89–83.
Bankruptcy No. 86–40164.
Adv. No. 87–4081.

United States District Court,
N.D. Indiana,
Lafayette Division.

July 31, 1990.

David A. Rosenthal, Lafayette, Ind., for plaintiffs-appellants.

Margret G. Robb, Lafayette, Ind., Trustee.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

The appellants in this cause, Daniel Lee Lybrook and Linda Lou Lybrook, are the debtors below. The Lybrooks filed a chapter 13 petition for relief in March 1986. In January 1987 (more than 180 days after debtors filed their chapter 13 petition) Mr. Lybrook's father died, leaving his son Daniel assets valued at more than $70,000. The Lybrooks never were able to obtain confirmation of their chapter 13 plan and converted to chapter 7 in June 1987. The sole question presented in this appeal is whether the debtors' inheritance is part of the chapter 7 bankruptcy estate.

▮ There is no dispute that, had this proceeding originally commenced under chapter 7, the inheritance would not have become part of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(A). The chapter 13 estate is much more inclusive, however, encompassing not only the chapter 7 estate but also that property specified in § 541 which is acquired after commencement of the case but before the case is closed, dismissed, or converted. *Id.* at § 1306(a)(1). The inheritance thus became part of the chapter 13 estate; the question is whether it remained part of the estate following conversion to chapter 7.

The numerous courts addressing the issue have reached various results for different reasons. The bankruptcy court considered this cacophony of case law and concluded that the debtors' inheritance is property of the bankruptcy estate which must be turned over to the trustee. 107 B.R. 611. The debtors appealed. Section 158(a) of Title 28 confers jurisdiction in the district court to hear this appeal, taken pursuant to Bankruptcy Rule 8001(a), from the bankruptcy court's final judgment.

### I. Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy Procedure governs the pertinent standard of review. In an appeal from a bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact; the other for conclusions of law. *Morter v. Farm Credit Services,* 110 B.R. 390, 392 (N.D.Ind.1990). The relevant standard of review for conclusions of law is that the district court may "affirm, modify, or reverse" the bankruptcy court's legal conclusions. When a bankruptcy judge's legal conclusions are challenged, the district court must make a de novo review and may overturn the findings if they are contrary to law. *Id.* at 392–93.

### II. Legal Conclusion and Discussion

The bankruptcy estate was created upon the filing of a petition and consisted of all property in which the Lybrooks had an interest. 11 U.S.C. § 541(a). The estate also encompasses any after-acquired property, *Id.* at § 541(a)(7), including property acquired after the commencement of a case but before conversion. *Id.* at § 1306(a)(1).

▮ Section 348(a) provides that conversion from chapter 13 to chapter 7 does not change the date of the filing of the petition, the commencement of the case, or the order for relief. The bankruptcy court held, and this court agrees, that this provision does not require the court to look back to the date of petition to determine the property of the estate upon conversion. Nor does section 348 require that the case be

treated as though it had always proceeded as a chapter 7. Section 348 should be read to "preserve the continuity of the bankruptcy proceedings," protecting the creditors' expectancy in receiving a distribution based on the debtors' present circumstances. *In re: Lybrook*, 107 B.R. 611, 613 (Bankr.N.D.Ind.1989). This expectancy would be frustrated by reading section 348 to exclude post-petition property from the bankruptcy estate upon conversion to chapter 7.

The bankruptcy court also recognized that, because creditors are forced to bear the down-side risks of any deterioration in a debtor's financial position during chapter 13, they should reap any up-side benefits arising from an improvement in his position during the same period. This court concurs and holds that property of the bankruptcy estate under chapter 13 remains property of the estate following conversion to chapter 7 and thus becomes property of the chapter 7 estate.

The Lybrooks' inheritance is property of the bankruptcy estate and must, accordingly, be turned over to the trustee. The judgment of the bankruptcy court is AFFIRMED. IT IS SO ORDERED.