**In re Gary Lee PARKER and Deborah Lynn Parker, Debtors.**

**Bankruptcy No. 3–92–01834.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 12, 1993.

Paul D. Gilbert, Dayton, OH, for debtors.

Stephen D. Miles, Dayton, OH, for 801 Credit Union.

DECISION AND ORDER DETERMINING STATUS OF AUTOMATIC STAY OF § 362 OF THE BANKRUPTCY CODE; ORDER DENYING DEBTORS' "ALTERNATIVE MOTION TO REINSTATE AUTOMATIC STAY"

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the debtors' "Motion to Determine Status of Stay" (Doc. # 22) and the debtors' "Alternative Motion to Reinstate Automatic Stay" (Doc. # 76). The court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the standing order of reference entered in this judicial district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate, and (b)(2)(G)—motions to terminate, annul, or modify the automatic stay.

## FACTS

The facts are uncontroverted. Gary Lee Parker and Deborah Lynn Parker ("debtors") filed a petition in bankruptcy under chapter 7 of the Bankruptcy Code on April 14, 1992. 801 Credit Union, a creditor, filed a motion seeking relief from the automatic stay of § 362 of the Bankruptcy Code on September 11, 1992, to allow it to foreclose, sell or otherwise dispose of the debtors' Chevrolet S–10 truck and a 1988 Chevrolet Van. The court granted the creditor's motion on October 21, 1992, upon the debtors' failure to respond to the creditor's motion.

The debtors filed a notice of conversion of their case from chapter 7 to chapter 13 of the Bankruptcy Code on October 26, 1992. The order converting the case was entered October 29, 1992. The debtors filed a "Motion to Determine Status of Stay" on October 29, 1992. An expedited hearing was set for November 19, 1992, but that hearing and other later hearings were continued for the convenience of counsel until the hearing held March 25, 1993. During the intervening months, the creditor returned the vehicles to the debtors pending the outcome of the motion to determine status of the stay.

On March 31, 1993, following the hearing on the motion above, the debtors filed an "Alternative Motion to Reinstate Automatic Stay."

## CONCLUSIONS OF LAW

In their "Motion to Determine Status of Stay," the debtors state that:

[W]hen this matter was converted [from a chapter 7 case] to a chapter 13, an automatic stay was reimposed with respect to the Debtors' 1991 Chevrolet S10 Truck and the Debtors 1988 Chevrolet Van. [Debtors] further say that this court should clarify, by its order, that 801 Credit Union is not free to take possession of the chattels described above since 801 Credit Union has not yet established that it has met the requirements for relief from stay in a chapter 13 case.

Wherefore, [debtors] pray for an order of this court determining that the stay, with respect to 801 Credit Union, is still in existence and that the said 801 Credit Union must file a new motion for relief and demonstrate cause for relief under the provisions of chapter 13 of the Bankruptcy Code. Doc. # 22.

██ The sole issue before this court is whether the automatic stay of § 362(a) of the Bankruptcy Code was reimposed upon 801 Credit Union by the conversion of the debtors' chapter 7 case to chapter 13. Under § 362(a) "a *petition filed* under section 301, 302, or 303 of this title ... operates as a stay" (emphasis supplied) of numerous and varied proceedings and actions against the debtor and his property. The stay is not permanent, however, and may expire by operation of the law,[1] or be terminated

---

1. "Except as provided in subsections (d), (e),  and (f) of this section—

or modified by the bankruptcy court upon a request for relief from the automatic stay by a party in interest accompanied by a showing of statutory entitlement to such relief.[2]

The other statute relevant to the instant issue is § 348 of the Bankruptcy Code, which governs the effect of conversion of a bankruptcy case from one chapter of the Bankruptcy Code to another. Section 348 provides that:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title *constitutes an order for relief* under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition*, the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in [various sections] of this title, "the order for relief under this chapter" in a chapter to which a case has been converted ... means the conversion of such case in such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1307, or 1208 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section 706, 1112, 1307, or 1208 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion. (emphasis supplied)

■ The issue of whether conversion from one chapter of the Bankruptcy Code to another chapter reimposes the automatic stay of § 362 has been carefully examined by the United States Court of Appeals for the Eleventh Circuit in the leading case of *British Aviation Insurance Company, Ltd. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264 (1989), and there is nothing to be gained by an extensive re-examination of the issue. In that case the Eleventh Circuit applied a straightforward analysis to the relevant statutes. The essence of *In re State Airlines* is that: 1) the *filing of a petition* in bankruptcy is the event which imposes an automatic stay under § 362 of the Bankruptcy Code; 2) Section 348 governs the "Effect of Conversion" and nothing in that section indicates that a *conversion order* is the equivalent of *filing a petition;* and 3) therefore, an order converting a case from one chapter of the Bankruptcy Code to another does not trigger the application of § 362. *Id.* at 269.

Buttressing the Eleventh Circuit's plain meaning analysis of the Bankruptcy Code in regard to this issue is the negative inference drawn by the court from what does not appear in the statutes:

If Congress had intended for a conversion to trigger the automatic stay of

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied."
11 U.S.C. § 362(c).

**2.** "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization."
11 U.S.C. § 362(d).

section 362 it could very easily have said so explicitly. Had section 362 been framed in terms of an order for relief, then we would have our answer. Similarly, we might reasonably have expected Congress to indicate in section 348 ("Effect of Conversion") that a conversion would have such a significant impact as reimposing the section 362(a) automatic stay. Instead, appellees ask that we perform lexigraphic gymnastics and effectively rewrite section 362. *Id.* at 268. Finding no contrary indication of Congressional intent, the court would "not assume that Congress meant anything other than what it said. The filing of a *petition* under section 301, 302, or 303 operates as a stay under section 362. A conversion under section 348 does not." *Id.*

In accordance with *In re State Airlines* and the cases of *Hemontolor v. First Federal Savings & Loan Assoc.*, 38 B.R. 340 (M.D.Tenn.1984), *State of Ohio v. H.R.P. Auto Center, Inc. (In re H.R.P. Auto Center, Inc.)*, 130 B.R. 247 (Bankr.N.D.Ohio 1991), *Aloyan v. Campos (In re Campos)*, 128 B.R. 790 (Bankr.C.D.Cal.1991), and *In re Greetis*, 98 B.R. 509 (Bankr.S.D.Cal. 1989), this court finds that the conversion of the debtors' chapter 7 case to chapter 13 did not cause the stay to be reimposed and that the conversion did not affect this court's earlier order granting relief from stay to 801 Credit Union.

Although conversion of a bankruptcy case from one chapter to another does not automatically reimpose the stay of § 362, under certain circumstances and on a case-by-case basis, the court may in its discretion reinstate the stay pursuant to § 105 [3] of the Bankruptcy Code. *Memphis Bank & Trust Co. v. Brooks*, 10 B.R. 306 (W.D.Tenn.1981); *MacDonald v. First Interstate Credit Alliance, Inc. (Matter of MacDonald)*, 100 B.R. 714 (Bankr.D.Del. 1989); *Goldome Realty Credit Corp v. Walls (In re Walls)*, 91 B.R. 518 (Bankr. E.D.Mo.1988); *In re Edward C. Pirsig*

*Farms, Inc.*, 41 B.R. 835 (Bankr.D.Minn. 1984). Subsequent to the hearing on the debtors' "Motion to Determine Status of Stay," the debtors filed an "Alternative Motion to Reinstate Automatic Stay" (Doc. #76). However, Fed.R.Bankr.P. 7001(7) requires that any request for injunctive relief be brought by way of an adversary proceeding. In addition, to obtain an injunction the requirements of Fed.R.Civ.P. 65 [4] must be satisfied. *Spagnol Enterprises, Inc. v. Atlantic Fin. Fed. Sav.*, 33 B.R. 129, 131 (W.D.Pa.1983); *In re Johns–Manville Corp.*, 57 B.R. 680, 691 (Bankr. S.D.N.Y.1986). Because the debtors' request to reinstate the automatic stay is not in compliance with Fed.R.Bankr.P. 7001 and Fed.R.Civ.P. 65, the debtor's alternative motion is denied.

For the foregoing reasons, it is hereby ORDERED that the automatic stay of § 362 of the Bankruptcy Code remains modified as previously ordered by this court on June 23, 1992 (Doc. #13); it is further ORDERED that the debtors' alternative motion to reinstate the automatic stay is DENIED.

---

3. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4. Fed.R.Civ.P. 65 is made applicable to adversary proceedings by Fed.R.Bankr.P. 7065.