**In re Shirley Mae VORON, Debtor.**

**AMERICAN INDUSTRIAL LOAN ASSOCIATION, Plaintiff,**

v.

**Shirley Mae VORON and Bruce H. Matson, Trustee, Defendants.**

**Bankruptcy No. 92–34922–S. Contested Matter No. 93–353–S.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

July 29, 1993.

Jonathan L. Hauser, Croshaw, Beale, Hauser & Lewis, P.C., Virginia Beach, VA, for plaintiff.

Robert A. Canfield, Canfield, Moore, Shapiro & Sease, Richmond, VA, for defendant.

Bruce H. Matson, Hazel & Thomas, P.C., Richmond, VA, for trustee.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the motion of American Industrial Loan Association ("AILA") for relief from stay against Shirley Mae Voron (the "debtor"), and Bruce H. Matson, Chapter 7 trustee (the "trustee"). At a final hearing on relief from stay held June 7, 1993, this Court took under advisement and invited briefs on the issue of whether a prior relief from stay granted in a Chapter 13 case remains effective upon subsequent conversion of that Chapter 13 case to one under Chapter 7. After considering the evidence, arguments of counsel, and counsels' post hearing briefs on this matter, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 20, 1992, the debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"). AILA filed a motion for relief from stay (the "Motion"), seeking relief from the automatic stay to foreclose on the debtor's property. Subsequent to a preliminary hearing on the motion, the Court on February 24, 1993, entered an order awarding relief (the "Order") which modified the automatic stay to allow the debtor to make monthly payments on the debt and provided that upon the failure to make any such payment, relief would be granted without further notice or hearing to permit the AILA to foreclose. The debtor failed to make payments, relief from stay was granted without further notice or hearing, and AILA prepared to foreclose. On the eve of foreclosure, March 31, 1993, the debtor converted her Chapter 13 case one under Chapter 7.

AILA argues that the order granting relief in the Chapter 13 case, entered on February 24, 1993, which granted AILA

relief from stay when the debtor missed the payments, is still effective despite the conversion of the debtor's case from Chapter 13 to Chapter 7. AILA argues the plain language of the Code. Section 362 states that a petition filed under § 301 operates as an automatic stay. 11 U.S.C. § 362. Section 348, which addresses the effects of conversion, provides that a conversion of a case from one chapter to another chapter constitutes an order for relief under the chapter to which the case is converted, but does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. *See* 11 U.S.C. § 348. Since under § 362, only the filing of a petition creates a stay, and § 348 clearly does not change the date of the filing of the petition, AILA argues that a conversion does not reinstitute the automatic stay of § 362 and the relief from stay granted in the Chapter 13 case is still effective.

On the other hand, the trustee argues that a conversion from Chapter 13 to a Chapter 7 constitutes an order for relief under Chapter 7 which either reinstitutes the original automatic stay or operates as a new automatic stay and that the new automatic stay requires the creditor to file a new motion for relief from stay in the converted case under § 362(d). *See* 11 U.S.C. §§ 362(a), (d) and 348.

### CONCLUSIONS OF LAW

It appears to this Court that the recent case of *In re Parker*, 154 B.R. 240 (Bankr. S.D.Ohio 1993) disposes of this issue. In that case the secured creditor filed a motion seeking relief from the automatic stay in a Chapter 7 case. The court granted the creditor's motion upon the debtor's failure to respond. The debtor converted its Chapter 7 case to one under Chapter 13. The debtors then filed a "Motion to Determine Status of Stay" and moved the Court to determine that the conversion to Chapter 13 reinstituted the automatic stay, preventing the creditor from foreclosing on their property.

The bankruptcy court in *Parker* looked at the plain language of §§ 362 and 348

and found that under § 362(a) "a petition filed under § 301 operates as a stay," and that under § 348:

> (a) conversion from a case under one Chapter of this title to a case under another Chapter of this title *constitutes an order for relief* under the Chapter to which the case is converted, but, ... *does not effect a change in the date of the filing of the petition*
>
> . . . .

*Id.* at 242; 11 U.S.C. §§ 362(a), 348(a) (emphasis added). The *Parker* court followed the Eleventh Circuit Court of Appeals opinion of *British Aviation Insurance Company, Ltd. v. Memut (In re State Airlines, Inc.)*, 873 F.2d 264 (11th Cir.1989). In that case the Eleventh Circuit applied a straightforward analysis of the relevant statutes to find that: 1) the *filing of a petition* in bankruptcy imposes an automatic stay under § 362; 2) § 348 governs the "effects of conversion" and nothing in that section indicates that a *conversion order* is the equivalent of *filing a petition;* and 3) therefore, an order converting a case from one chapter of the Bankruptcy Code to another does not trigger the application of § 362. *In re Parker*, 154 B.R. at 242 (citing *In re State Airlines*, 873 F.2d at 269).

■ In accordance with *In re State Airlines* and the cases of *Hemontolor v. First Federal Savings & Loan Assoc.*, 38 B.R. 340 (M.D.Tenn.1984), *State of Ohio v. H.R.P. Auto Center, Inc. (In re H.R.P. Auto Center, Inc.)*, 130 B.R. 247 (Bankr. N.D.Ohio 1991), *Aloyan v. Campos (In re Campos)*, 128 B.R. 790 (Bankr.C.D.Cal. 1991), and *In re Greetis*, 98 B.R. 509 (Bankr.S.D.Cal.1989), this Court finds that the conversion of the debtor's Chapter 13 case to Chapter 7 did not operate as a new automatic stay. It appears to this Court that the conversion from Chapter 13 to Chapter 7 did not effect this Court's earlier order granting AILA relief from stay to foreclose on the debtor's property.

■ Although conversion of a bankruptcy case from one Chapter to another does not automatically reimpose the stay of

§ 362, a court may in its discretion reinstate the stay pursuant to § 105 of the Code. *See Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306 (W.D.Tenn.1981); *McDonald v. First Interstate Credit Alliance, Inc.,* 100 B.R. 714 (Bankr.D.Del. 1989). Federal Rule of Bankruptcy Procedure 7001(7) requires that any requests for injunctive relief be brought by way of an adversary proceeding. Fed.R.Bankr.Pro. 7001(7). In addition, to obtain an injunction the requirements of Federal Rule of Civil Procedure 65 must be satisfied. *Spagnol Enterprises, Inc. v. Atlantic Financial Federal Savings,* 33 B.R. 129, 131 (W.D.Pa. 1983).

For the foregoing reasons, it appears to this Court that relief from the automatic stay of § 362 remains intact as previously ordered by this Court on February 24, 1993. In holding that under the Code an order of conversion does not operate as a new automatic stay under the chapter to which a case is converted, this Court need not address the *res judicata* arguments of the parties. Accordingly, this Court makes no decision on the issues of the effects of conversion on a prior granting of a motion for relief from stay, such as whether or not the Chapter 7 trustee's acquisition of rights in property of the estate that once was property of the Chapter 13 debtor, or the loss in a Chapter 7 case of § 362(d)(2) grounds for denying relief from stay, would effect a relief from stay granted in a Chapter 13 case.

The Court directs counsel for AILA to submit an order in conformity with this opinion.