In re Glicerio D. RAMIREZ, Debtor.

Glicerio D. RAMIREZ, Appellant,

v.

John WHELAN and Patricia
Douce, Appellees.

BAP No. CC–94–1409–JKV.
Bankruptcy No. SB–93–22083–MG.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Submitted Feb. 22, 1995.

Decided June 2, 1995.

Glicerio D. Ramirez, Adelanto, CA, in pro. per.

No appearance made for appellees.

Before JONES, KLEIN[1] and VOLINN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

### SUMMARY

Debtor filed a chapter 13 petition [2] to avoid foreclosure. After the bankruptcy court granted the mortgagees relief from the stay to foreclose, the debtor converted to chapter 11, arguing that this conversion reimposed the stay. The bankruptcy court disagreed. The debtor appeals.

---

1. Hon. Christopher M. Klein, Bankruptcy Judge for the Eastern District of California, sitting by designation.

2. Unless otherwise indicated, all references to Chapters, Sections and Rules are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001, *et seq.*

## I. FACTS

On August 16, 1993, Glicerio D. Ramirez filed a chapter 13 bankruptcy petition. After filing, he failed to make mortgage payments on two undeveloped lots which he owned. The creditors who held first deeds of trust on the lots, John Whelan and Patricia Douce, sought relief from the stay. On January 24, 1994, the bankruptcy court held a hearing and entered an order ("Adequate Protection Order") which required Ramirez to make monthly adequate protection payments. The order stipulated that if Ramirez defaulted on any payment, and did not cure the default within 10 days of receiving written notice from Whelan and Douce, the stay would be lifted without further hearing.

On that same day, Ramirez filed a motion to convert his chapter 13 to chapter 11 pursuant to Bankruptcy Code § 1307(d). The matter was set for hearing on February 28, 1994.

On February 23, after Ramirez had failed to make the payments due on January 1 or February 1, and after Whelan and Douce had given him the required 10–day notice, Whelan and Douce applied for relief from the stay. The bankruptcy court granted the motion without a hearing. The bankruptcy court's Order Terminating the Automatic Stay ("Relief From Stay Order") was filed March 8, 1994, and entered March 9, 1994.

On March 11, 1994, the bankruptcy court entered an order converting Ramirez' bankruptcy to chapter 11. That same day Ramirez filed a motion entitled "Motion for Stay of Proceedings to Enforce the Order Terminating the Automatic Stay in the Matter of John Whelan and Patricia Douce" in which he argued that the conversion to chapter 11 rendered all prior proceedings moot. A hearing was set for March 29, 1994. The bankruptcy court instructed Ramirez that unless he was ready and able to comply with the Adequate Protection Order at the hearing or could demonstrate why his conversion to chapter 11 was "sufficient to extend the stay," the bankruptcy court would consider sanctioning him.

The bankruptcy court denied Ramirez' motion at the hearing. The order denying the motion simply states that "Debtor's motion is hereby denied," and warns that any further attempts by Ramirez to reimpose the stay would result in sanctions in the event any such motion is denied.

Ramirez timely appeals the order denying his motion for reimposition of the automatic stay. We affirm.

## II. ISSUES

1. Did the bankruptcy court err in holding that conversion from chapter 13 to chapter 11 does not reimpose the automatic stay nor render moot all prior chapter 13 proceedings?

2. Did the bankruptcy court abuse its discretion in not reimposing the stay?

## III. STANDARD OF REVIEW

■ The sole legal issue in this appeal—the proper interpretation of the interplay between Bankruptcy Code §§ 348 and 362—is reviewed *de novo*. *In re Olsen*, 36 F.3d 71, 72 (9th Cir.1994). We review the bankruptcy court's decision not to reimpose the automatic stay for abuse of discretion. *In re Voron*, 157 B.R. 251, 253 (Bankr.E.D.Va.1993).

## IV. DISCUSSION

■ Ramirez has one argument: when he converted his bankruptcy from chapter 13 to chapter 11, all prior proceedings under chapter 13 were rendered moot and a new automatic stay was triggered which barred Whelan and Douce from foreclosing on their deeds of trust. However, this argument is contrary to existing law.

The leading case on this issue is *In re State Airlines, Inc.*, 873 F.2d 264 (11th Cir. 1989). The court, confronted with this exact issue, interpreted the plain language of the Bankruptcy Code and held that conversion does not trigger the automatic stay provisions of § 362.[3] The court reasoned that the

---

**3.** In cases where debtors have tried to avoid foreclosure through multiple bankruptcy filings, courts have reached this same result by holding

that relief from the stay granted in one bankruptcy is *res judicata* in a subsequent bankruptcy unless the debtor or trustee demonstrates

*filing of a petition* under §§ 301, 302, or 303 operates as a stay, *see* 11 U.S.C. § 362(a) (1994), and a conversion under § 348 does not constitute the filing of a petition. *State Airlines,* 873 F.2d at 268; *see* 11 U.S.C. § 348(a) (1994) ("Conversion . . . constitutes an *order for relief*") (emphasis added). The court concluded that, "we cannot say, as a matter of law or of logic, that an order for relief is the same thing as a petition." *State Airlines,* 873 F.2d at 269. The court also pointed out that "[i]f Congress had intended for a conversion to trigger the automatic stay of section 362 it could very easily have said so explicitly." *Id.* at 268.

■ *State Airlines* has been uniformly followed by lower courts in other circuits. *See Johnson v. Garden State Brickface and Stucco Co.,* 150 B.R. 617, 619 (E.D.Pa.1993) (Third Circuit); *In re Voron,* 157 B.R. 251, 252 (Bankr.E.D.Va.1993) (Fourth Circuit); *In re Parker,* 154 B.R. 240, 242 (Bankr. S.D.Ohio 1993) (Sixth Circuit); *In re Germansen Decorating, Inc.,* 149 B.R. 522, 527 n. 7 (Bankr.N.D.Ill.1993) (Seventh Circuit); *In re Campos,* 128 B.R. 790, 792 (Bankr. C.D.Cal.1991) (Ninth Circuit). We agree with the reasoning of *State Airlines.*

The policies behind this rule are simple. First,

> A proper reading of § 348 indicates that it is not a source of disruption but, instead, preserves the continuity of the bankruptcy proceedings. It should not be read as a nullification act. It is not designed to change what has gone before but, rather, to leave matters as they existed on the date of conversion.

*In re Lybrook,* 107 B.R. 611, 613 (Bankr. N.D.Ind.1989) (citations omitted), *aff'd,* 135 B.R. 321 (N.D.Ind.1990), *aff'd,* 951 F.2d 136 (7th Cir.1991).

changed circumstances which justify reimposing · the stay. *See In re Bradley,* 38 B.R. 425, 429–31 (Bankr.C.D.Cal.1984); *see also In re Bystrek,* 17 B.R. 894, 895–96 (Bankr.E.D.Pa.1982); *cf. In re Bumpass,* 28 B.R. 597 (Bankr.S.D.N.Y.1983) (holding that relief from stay granted in chapter 7 proceeding was not *res judicata* in subsequent chapter 13 because the debtor had no motivation to actually litigate the motion in chapter 7, but did have the motivation to resist the motion under chapter 13).

Second, this rule limits the ability of a debtor to use the Bankruptcy Code to frustrate creditors who have successfully sought relief from the stay.

> If a new automatic stay were to arise upon conversion of a Chapter 13 case . . . a Chapter 13 debtor could effectively avoid the terms of an earlier order lifting the automatic stay by simply filing a Notice of Conversion. A rule of law that no new automatic stay arises upon conversion will curtail this behavior.

*In re Campos,* 128 B.R. 790, 792 (Bankr. C.D.Cal.1991).

Debtors and trustees alike have objected to this interpretation of the Bankruptcy Code, arguing that the debtor or postconversion trustee should be afforded an opportunity to re-evaluate the bankruptcy estate without having to worry about creditors who have previously been afforded relief from the stay. While this argument has merit, courts have rejected it, *see, e.g., State Airlines,* 873 F.2d at 268, pointing out that such a rule is not unfair because the debtor or trustee may seek to reimpose the stay if circumstances warrant such relief. *Voron,* 157 B.R. at 252–53. Placing the burden of seeking injunctive relief on the debtor or postconversion trustee balances the interests of creditors and the bankruptcy estate.

■ In the instant appeal, the bankruptcy court gave Ramirez an opportunity to present evidence as to why the stay should be reimposed before denying the motion. Although the record is sparse, the bankruptcy court obviously felt that Ramirez' conversion was motivated by an improper effort to avoid foreclosure. Based on this record, we find that the bankruptcy court did not abuse its discretion in refusing to reimpose the stay.

Whether an order granting relief from the stay in one bankruptcy is *res judicata* in a subsequent bankruptcy is an open question in the Ninth Circuit. *See In re Taylor,* 884 F.2d 478, 481 and n. 3 (9th Cir.1989) (criticizing the BAP for making a "sweeping statement" that such orders lack preclusive effect, but declining to address the issue).

## V. CONCLUSION

The great weight of authority holds that the automatic stay provisions of § 362 are not triggered by conversion. It is within a bankruptcy court's discretion to refuse to reimpose the stay after conversion if the debtor is improperly trying to delay or hinder creditors. Therefore, the bankruptcy court properly denied Ramirez' motion, and we AFFIRM.

KLEIN, Bankruptcy Judge, concurring:

I concur and write separately to emphasize that the debtor's Motion for Stay of Proceedings to Enforce the Order Terminating the Automatic Stay was procedurally defective if (and the record is fuzzy on this point) the bankruptcy court was being asked to grant injunctive relief and "reimpose" the automatic stay as an alternative to merely accepting the debtor's argument that the stay revived as a matter of law.

In order to have a vacated stay "reimposed", one must ordinarily file an adversary proceeding seeking an injunction under 11 U.S.C. § 105. Fed.R.Bankr.P. 7001(7) and 7065; *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d Cir.1989); Lawrence P. King, et al., 2 Collier on Bankruptcy ¶¶ 105.02[2] & 105.03 (15th ed. 1995).

Occasionally, it might suffice to revive the stay by way of motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), which are applicable in bankruptcy by virtue of Federal Rules of Bankruptcy Procedure 9021 and 9023. But one must overcome difficulties created by the fact that an order granting relief from stay is, unless otherwise ordered, not subject to the automatic ten-day stay imposed by Federal Rule of Civil Procedure 62, which rule applies in bankruptcy. Fed.R.Bankr.P. 7062 & 9014. And there may be a problem of intervening equities. If such a motion were to be granted, the order vacating the stay would then be vacated.

The debtor chose neither alternative. At best, the debtor was making a motion to "reimpose" the stay by entering an injunction. The rules of procedure do not permit a bankruptcy court to grant an injunction except in an adversary proceeding. Thus, although I fully agree that the refusal to reimpose the stay was not an abuse of discretion in this instance, the bankruptcy judge was not even presented with a procedural vehicle in which he could have reimposed the stay.