Filed 12/9/15  Fuchs & Associates v. Lesso CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FUCHS & ASSOCIATES, INC., | No. B252232 c/w B254116 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. BC441602) |
| v. | |
| ELKE LESSO, | |
| Defendant; | |
| JASON M. RUND, as Trustee in Bankruptcy, etc., | |
| Real Party in Interest and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County.  John Segal, Judge.  Affirmed.

Fuchs & Associates, Inc., John R. Fuchs and Gail S. Gilfillan for Plaintiff and Appellant.

Law Office of Thomas H. Edwards and Thomas H. Edwards for Real Party in Interest and Respondent.

The instant case involves consolidated appeals by plaintiff and appellant Fuchs & Associates (Fuchs) from an underlying dispute with defendant Elke Lesso (Lesso) concerning unpaid legal fees.[1]  Fuchs challenges two orders awarding Lesso her attorney fees and costs on appeal:  (1) an August 21, 2013 order awarding Lesso $20,195 in attorney fees and $997.04 in costs, and (2) a January 23, 2014 order awarding Lesso $11,350 in attorney fees and $675.72 in costs.  We affirm both orders.

## BACKGROUND[2]

Lesso retained Fuchs as her attorneys in a marital dissolution action and various related lawsuits.  The fee agreements between the parties provided for binding arbitration of "[a]ny controversy between the parties regarding the construction, application or performance of any services under this Agreement."  They also contained an attorney fee provision stating that "[t]he prevailing party in any action or proceeding arising out of or to enforce any provision of this Fee Agreement . . . will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered."

**The prior appeals**

A dispute arose between the parties regarding unpaid fees purportedly owed by Lesso to Fuchs, and Fuchs sued Lesso, seeking damages in excess of $647,000.  (*Fuchs I, supra*, at p. *1.)  The matter was submitted to binding arbitration in accordance with the parties' fee agreement, and the arbitrator issued a written decision in favor of Lesso, concluding that Fuchs was not entitled to recover any additional fees, costs, or damages from Lesso.  (*Ibid.*)  Lesso filed a petition to confirm the award and judgment was

---

[1]     The instant case involves Fuchs' third and fourth appeals from orders awarding Lesso attorney fees and costs incurred in the underlying dispute.

[2]     The facts concerning the instant appeal are set forth in two previous nonpublished opinions by this court, *Fuchs & Associates, Inc. v. Lesso* (Jan. 8, 2013, B239246) (*Fuchs I*), and *Fuchs & Associates, Inc. v. Lesso* (May 29, 2013, B241384) (*Fuchs II*).  We reiterate the facts pertinent to this appeal.

entered in Lesso's favor based on confirmation of the award. That judgment was the subject of Fuchs' first appeal. (*Fuchs I, supra*, at p. *5.)

Lesso filed a motion to recover attorney fees she incurred prior to entry of the judgment and the trial court entered an order granting the motion in part, awarding Lesso $21,125 in attorney fees. That order was the subject of Fuchs' second appeal. (*Fuchs II, supra*, at p. *1.) Lesso prevailed on both of the prior appeals.

**Lesso's bankruptcy filing**

While *Fuchs I* was pending, Lesso filed on May 26, 2011, a bankruptcy petition under chapter 11 of the Bankruptcy Code. Fuchs filed a motion for relief from the automatic stay, and the bankruptcy court granted the motion on June 24, 2011, by signing and entering an order on a form F4001-10.NA authorized by the United States Bankruptcy Court for the Central District of California.[3] Lesso's chapter 11 bankruptcy proceeding was converted to a chapter 7 proceeding on April 18, 2013. Respondent Jason M. Rund was appointed as the chapter 7 trustee in Lesso's bankruptcy proceeding.

**The instant appeal**

*Fuchs I*

On May 16, 2013, the remittitur following the *Fuchs I* appeal was issued. On June 18, 2013, Lesso filed a memorandum of costs and a motion for fees incurred in connection with *Fuchs I*. On July 8, 2013, Fuchs filed a motion to strike or tax costs, and on August 1, 2013, an opposition to Lesso's fee motion. In both pleadings, Fuchs argued that any award of costs or fees belonged to Lesso's bankruptcy estate, and that following the conversion of her bankruptcy from a chapter 11 proceeding to a chapter 7 proceeding, only the trustee had standing to pursue the claims.

---

[3]    Section 7 of the form F4001-10.NA order lists various additional orders the bankruptcy court can make by checking the appropriate box on the form. The box for option 7a, which states that "[t]his Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code," is not checked on the form signed by the bankruptcy court in Lesso's bankruptcy case.

Lesso filed an opposition to Fuchs' motion to tax costs and a reply to Fuchs' opposition to her fee motion. Lesso's opposition and reply were supported by declarations from Lesso's counsel, Thomas H. Edwards (Edwards), and from the trustee's counsel in the bankruptcy proceeding, Juliet Oh (Oh), stating that (1) Lesso had agreed with the trustee that any amounts she collected from Fuchs would belong to the bankruptcy estate; (2) the trustee had agreed to retain Edwards as special litigation counsel to pursue collection of any costs or fees awarded on behalf of Lesso's estate; (3) Oh was preparing an application on behalf of the trustee to be submitted to the bankruptcy court to approve Edwards's retention as special litigation counsel; and (4) pending the bankruptcy court's approval of the application to retain Edwards, the trustee had agreed that Lesso could take steps necessary to preserve the fee and cost claims for the benefit of the estate, including the filing of a cost memorandum and fee motion.

On August 19, 2013, Fuchs filed evidentiary objections to the Edwards and Oh declarations. Following a hearing on August 21, 2013, the trial court entered an order overruling the evidentiary objections; denying Fuchs' motion to tax costs; and granting in part Lesso's fee motion, awarding Lesso $997.04 in costs and $20,195 in fees. Fuchs appeals from the trial court's order.

### Fuchs II

The remittitur following the *Fuchs II* appeal was issued on July 30, 2013. On September 24, 2013, Lesso filed a memorandum of costs and a motion for fees incurred in connection with *Fuchs II*. Fuchs filed a motion to strike or tax costs on October 9, 2013, and on November 7, 2013, an opposition to Lesso's fee motion. Fuchs argued, as it had in *Fuchs I*, that any award of costs or fees belonged to Lesso's bankruptcy estate and that following the conversion of her bankruptcy from a chapter 11 proceeding to a chapter 7 proceeding, only the chapter 7 trustee had standing to pursue those claims.

Lesso filed an opposition to Fuchs' motion to tax costs, as well as a reply to Fuchs' opposition to the fee motion. The opposition and reply were supported by a declaration from Lesso's counsel, Edwards, stating that the trustee in Lesso's bankruptcy case had authorized Lesso to file the memorandum of costs and had retained Edwards as

4

special litigation counsel to pursue on behalf of the bankruptcy estate any amounts awarded to Lesso as fees and costs; and that the bankruptcy court had approved the trustee's application to retain Edwards as special litigation counsel.

Following a January 7, 2014 hearing, the trial court issued an order denying Fuchs' motion to tax costs and granting in part Lesso's fee motion. The trial court awarded Lesso $675.72 in costs and $11,350 in fees. Fuchs appeals from the trial court's order.

On November 8, 2013 and on April 24, 2014, this court entered, sua sponte, separate orders staying the *Fuchs I* and *Fuchs II* appeals, respectively, pending determination of Lesso's bankruptcy proceeding. The chapter 7 trustee filed a motion in the bankruptcy court for relief from the automatic stay to permit the trustee to litigate the *Fuchs I* and *Fuchs II* fee awards, and the bankruptcy court granted that motion on February 19, 2015.

On February 26, 2015, Lesso and the trustee filed a joint motion to lift the stay imposed by this court on the *Fuchs I* and *Fuchs II* appeals. On March 19, 2015, this court granted the motion and issued an order permitting this appeal to proceed.

## CONTENTIONS

Fuchs contends the orders awarding Lesso her costs and fees on appeal must be reversed because they were entered in violation of the automatic stay in Lesso's chapter 7 bankruptcy proceeding and because Lesso lost standing to pursue the fee and cost claims when her bankruptcy case was converted from a chapter 11 proceeding to a chapter 7 proceeding. Fuchs further contends the trial court erred by overruling evidentiary objections to the declarations submitted by Edwards and Oh.

## DISCUSSION

### I. Standard of Review

The trial court's construction of the relevant statutes, including the Bankruptcy Code, is subject to our de novo review. (*Daro v. Superior Court* (2007) 151 Cal.App.4th 1079, 1092.) The trial court's factual determinations are reviewed under the substantial evidence standard (*ibid.*), and its evidentiary rulings under the abuse of discretion

standard.  (*Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1444.)

## II. Automatic Stay

The filing of a petition in bankruptcy triggers an automatic stay of any "judicial, administrative, or other action or proceeding against the debtor" that could have been commenced prior to the bankruptcy filing.  (11 U.S.C. § 362(a)(1).)

The automatic stay in Lesso's bankruptcy case went into effect upon the filing of her chapter 11 petition on May 26, 2011.  (11 U.S.C. § 362(a).)  That stay was lifted on June 24, 2011, following a motion for relief by Fuchs.  Conversion of Lesso's bankruptcy from a chapter 11 proceeding to a chapter 7 proceeding did not trigger or reinstate the automatic stay.  (*In re State Airlines, Inc.* (11th Cir. 1989) 873 F.2d 264, 267-269 [conversion of bankruptcy case from chapter 11 to chapter 7 does not trigger automatic stay]; *Ramirez v. Whelan (In re Ramirez)* (Bankr. 9th Cir. 1995) 188 B.R. 413, 416 [following "great weight of authority" holding that automatic stay is not triggered by conversion of bankruptcy case].)  The fact that the bankruptcy court's June 24, 2011 order lifting the automatic stay did not expressly state that the order would continue to be binding and effective despite any subsequent conversion of Lesso's bankruptcy from a chapter 11 proceeding to a proceeding under any other chapter of the Bankruptcy Code does not alter the result, nor does the fact that the chapter 7 trustee subsequently sought and obtained relief from the automatic stay on February 19, 2015, in order to litigate the fee and cost awards at issue in this appeal.[4]  The trial court's orders awarding Lesso fees and costs did not violate the automatic stay.

---

**4**　　In its reply brief on appeal, Fuchs claimed that the bankruptcy court relied on *Parker v. Bain (In re Parker)* (9th Cir. 1995) 68 F.3d 1131, as authority for its February 19, 2015 order lifting the automatic stay in Lesso's chapter 7 bankruptcy case.  Fuchs failed to provide a transcript of the February 19, 2015 hearing, however, or any other record of the bankruptcy court's reasoning for lifting the stay a second time in Lesso's bankruptcy proceeding.  The bankruptcy court's reasons for doing so are not relevant, in any event.  (*In re State Airlines, Inc., supra*, 873 F.2d at pp. 267-269; *Ramirez v. Whelan, supra*, 188 B.R. at p. 416.)

### III.  Standing

Fuchs contends Lesso lacked standing to file the cost memoranda and fee motions that are the basis for the trial court's orders because the fee and cost claims belonged to Lesso's bankruptcy estate, and only the chapter 7 trustee had standing to pursue those claims once Lesso's bankruptcy was converted from a chapter 11 proceeding to a chapter 7 proceeding.[5]  Fuchs cites *Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075 (*Bostanian*) as support for its argument that the orders awarding Lesso her fees and costs should be reversed.

In *Bostanian*, Division Five of this court considered whether a cause of action to set aside a foreclosure sale of the debtor's residence was property of the bankruptcy estate that only the chapter 7 trustee could pursue.  (*Bostanian, supra*, 52 Cal.App.4th at p. 1078.)  The allegedly wrongful foreclosure, and the filing of the debtor's action to set aside the foreclosure, had both occurred after the debtor filed a chapter 11 bankruptcy petition.  The action was still pending when the bankruptcy was converted to a chapter 7 proceeding.  (*Id.* at p. 1079.)

The court in *Bostanian* noted that under federal case authority, a chapter 7 debtor cannot prosecute a cause of action belonging to the bankruptcy estate unless the claim has been abandoned by the bankruptcy trustee.  (*Bostanian, supra*, 52 Cal.App.4th at p. 1081, and cases cited.)  The court further noted that the California Supreme Court's decision in *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822 was consistent with federal law.

---

*Parker v. Bain* is also inapposite.  It did not involve conversion of the debtor's bankruptcy from a chapter 11 proceeding to a chapter 7 proceeding, nor was there any issue as to whether relief obtained from the automatic stay in the chapter 11 proceeding continues in effect after conversion to a chapter 7 proceeding.

[5]      Fuchs does not dispute that Lesso had standing as a debtor in possession to pursue any claims she had against Fuchs before the bankruptcy was converted from a chapter 11 proceeding to a chapter 7 proceeding.  "With or without court approval, the trustee or [chapter 11] debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal."  (Fed. Rules Bankr., rule 6009, 11 U.S.C.; *California Aviation, Inc. v. Leeds* (1991) 233 Cal.App.3d 724, 729.)

(*Ibid.*) Applying *Reichert* and federal case law, the court in *Bostanian* concluded that the debtor lacked standing to maintain the wrongful foreclosure action once the bankruptcy case was converted to a chapter 7 proceeding, absent abandonment of that action by the bankruptcy trustee. (*Bostanian, supra*, at pp. 1081-1083.)

The *Bostanian* court rejected any argument that Code of Civil Procedure section 368.5,[6] which allows continuation of an action in the name of the original party following transfer of an interest in the action, conferred standing on the debtor to pursue claims belonging to the bankruptcy estate. The court distinguished, however, actions continued by the trustee in the debtor's name: "A chapter 7 trustee may be able to continue to prosecute an action in the name of the debtor pursuant to Code of Civil Procedure section 368.5; however, as will be noted, the *debtor* may not pursue the cause of action on his or her own *unless* the cause of action has been abandoned by the trustee . . . . Stated differently, a bankruptcy *trustee* could continue an action in the name of the debtor under Code of Civil Procedure section 368.5. However, it is the *trustee* who must pursue the action, not the *debtor*. (*Bostanian, supra*, 52 Cal.App.4th at p. 1083.)

In the instant case, the evidence shows that the chapter 7 trustee prosecuted the fee and cost claims in Lesso's name, as permitted under Code of Civil Procedure section 368.5. Declarations filed by Lesso's counsel and by counsel for the chapter 7 trustee make clear that Lesso had agreed with the trustee that any fee or cost award would belong to the bankruptcy estate; that the trustee had agreed to retain Lesso's counsel as special litigation counsel to pursue the fee and cost claims; that the bankruptcy court had approved the trustee's request to retain Lesso's counsel for this purpose; and that the trustee had agreed that Lesso could take steps necessary to preserve the fee and cost claims for the benefit of the estate, including filing cost memoranda and fee motions.

---

**6**    Code of Civil Procedure section 368.5 provides: "An action or proceeding does not abate by the transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

8

Lesso's lack of standing to pursue those claims on her own is accordingly not a ground for reversal of the trial court's orders.

## IV. Evidentiary objections

Fuchs contends the trial court erred by overruling evidentiary objections to the declarations submitted by Lesso's counsel, Edwards, and by Oh, counsel for the chapter 7 trustee.

Fuchs objected to the following portion of paragraph 3 in Edwards's declaration as an improper conclusion of law: "Because Ms. Lesso's status as defendant in this lawsuit was not affected by the fact that the proceeding had been converted to a Chapter 7 proceeding . . . ." The language objected to is a statement of fact, not a conclusion of law. Lesso's status as a defendant in the lawsuit was not affected by the conversion of her bankruptcy from a chapter 11 to a chapter 7 proceeding. The trial court did not abuse its discretion by overruling this objection.

Fuchs objected on hearsay grounds to the following portions of the declarations by Edwards and Oh:

Paragraph 3 of Edwards's declaration: "She [Lesso] understands and agrees that any amounts that may be collected from Fuchs based on an award of costs to her in this lawsuit would belong to her bankruptcy estate."

Paragraph 4 of Edwards's declaration: "The trustee in Ms. Lesso's bankruptcy has agreed to employ me as special litigation counsel to pursue collection on behalf of the bankruptcy estate of any amounts that may be awarded to Lesso as fees and costs in the present lawsuit. The Trustee's counsel, Juliet Oh, is preparing an employment application to be filed with the bankruptcy court on behalf of the Trustee requesting permission to employ me for this purpose, and she informs me that this application will be filed with the bankruptcy court within the next few days. In the meantime, pending approval of that application, the Trustee has agreed that Lesso may take the steps necessary to preserve these assets for the benefit of the estate, including the filing of the cost memorandum and the filing of Lesso's motion for an award of attorneys' fees on the appeal."

9

Paragraph 2 of Oh's declaration: "The trustee has reached an agreement with Thomas H. Edwards, who is counsel of record for the Debtor in the litigation pending between the Debtor and Fuchs & Associates, Inc. ('Fuchs') in the Los Angeles Superior Court, bearing the case number BC441602 (the 'State Court Litigation'), to seek collection on behalf of the bankruptcy estate of any costs and fees that Fuchs owes to the Debtor in connection with the State Court Litigation."

Paragraph 3 of Oh's declaration: "Pending the Bankruptcy Court's approval of the Trustee's application to employ Mr. Edwards as special litigation counsel, the Trustee has consented to Mr. Edwards taking the steps necessary to preserve the Debtor's claim for costs/fees against Fuchs in connection with the State Court Litigation for the benefit of the bankruptcy estate, including the filing of a memorandum of costs and the filing of a motion for an award of attorneys' fees in the State Court Litigation."

The foregoing portions of the declarations do not constitute hearsay. "'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) "The word 'statement' as used in the definition of 'hearsay evidence' is defined in [Evidence Code] Section 225 as 'oral or written verbal expression' or 'nonverbal conduct . . . intended . . . as a substitute for oral or written verbal expression.' Hence, evidence of a person's conduct out of court is not inadmissible under the hearsay rule expressed in [Evidence Code] Section 1200 unless that conduct is clearly assertive in character. Nonassertive conduct is not hearsay." (Cal. Law Revision Com. com., Deering's Ann. Code Evid. (2015) § 1200.) None of the objected to portions of the declarations contain a "statement" offered to prove the truth of the matter stated. Rather, the objected to testimony concerns actions taken by Lesso, Edwards, and the chapter 7 trustee to pursue fee and cost claims in Lesso's name on behalf of the bankruptcy estate.

The trial court did not abuse its discretion by overruling Fuchs's hearsay objections to Edwards's and Oh's declarations.

## DISPOSITION

The orders awarding Lesso attorney fees and costs are affirmed.  The chapter 7 trustee for Lesso's bankruptcy estate is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST