[No. B102938. Second Dist., Div. Five. Feb. 19, 1997.]

STEFAN BOSTANIAN et al., Plaintiffs and Appellants, v.
LIBERTY SAVINGS BANK, F.S.B., et al., Defendants and Respondents.

**COUNSEL**

Vic Rodriquez for Plaintiffs and Appellants.

Shapiro & Miles and T. Robert Finlay for Defendants and Respondents.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

This matter is presently before this court on a motion to dismiss the appeal, which is not subject to the automatic stay (*Shah* v. *Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1374-1379 [52 Cal.Rptr.2d 417]), for lack of standing in light of a plaintiff's bankruptcy filing. The question presented is whether a cause of action to set aside a foreclosure sale of the debtor's residence is property of the bankruptcy estate which only the chapter 7 trustee can pursue.[1] The motion is by Liberty Savings Bank, F.S.B., and Professional Foreclosure Corporation (defendants) in relation to an appeal by Stefan Bostanian and Salpi Bostanian (plaintiffs). We conclude plaintiffs have no standing to pursue this appeal. We grant plaintiffs 30 days from the date this opinion becomes final in which to secure an abandonment by the trustee of the cause of action in the bankruptcy court.

Plaintiffs, husband and wife, were the owners of a single family residence as community property. The property was subject to a deed of trust in favor

---

[1] Chapter references are to the Bankruptcy Reform Act of 1978, 11 United States Code sections 101-1330. Chapter 7 is found at title 11, United States Code section 701 et seq. Chapter 11 is found at title 11, United States Code section 1101 et seq.

of Liberty Savings Bank. On January 6, 1993, Mr. Bostanian filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. At no time has Ms. Bostanian filed a petition in bankruptcy. Liberty Savings Bank, which sought to foreclose on the real property, obtained relief from the automatic stay in bankruptcy. (11 U.S.C. § 362(a).)[2] On October 26, 1993, defendants noticed a public auction of plaintiffs' single family residence under the power of sale in Liberty Savings Bank's deed of trust. The foreclosure sale was completed on April 28, 1994. On November 10, 1994, plaintiffs filed a complaint alleging the foreclosure sale was improper and seeking to set it aside. On January 17, 1995, Mr. Bostanian's bankruptcy case was converted from a chapter 11 proceeding to a chapter 7 matter. On March 26, 1996, a judgment dismissing plaintiffs' complaint was entered in the superior court. Plaintiffs have appealed from the judgment of dismissal and from the denial of their reconsideration motion. Prior to briefing, defendants have moved to dismiss the appeal.

Defendants contend plaintiffs' cause of action is property of the bankruptcy estate which only the chapter 7 trustee has standing to pursue. There is no dispute that as a chapter 11 debtor in possession, Mr. Bostanian had standing to prosecute this action. (§ 1107(a);[3] Fed. Rules Bankr. Proc., rule 6009 (11 U.S.C.); *J & K Painting Co.* v. *Bradshaw* (1996) 45 Cal.App.4th 1394, 1402, fn. 8 [53 Cal.Rptr.2d 496]; *California Aviation, Inc.* v. *Leeds*

---

[2]11 United States Code section 362(a) states, "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of— [¶] (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [¶] (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [¶] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [¶] (4) any act to create, perfect, or enforce any lien against property of the estate; [¶] (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [¶] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; [¶] (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and [¶] (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." All further statutory references are to title 11 of the United States Code except where otherwise noted.

[3]Section 1107(a) provides, "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

(1991) 233 Cal.App.3d 724, 729 [284 Cal.Rptr. 687].) As our colleague, Associate Justice Ruben Ortega of Division One of this appellate district, explained in *California Aviation, Inc.* v. *Leeds, supra*, 233 Cal.App.3d at page 729: "[It is undisputed the plaintiff] had standing to pursue its [legal malpractice] case . . . as a chapter 11 debtor in possession. *'With or without court approval*, the trustee *or* debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, *or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.'* (Fed. Rules Bankr., rule 6009, 11 U.S.C., italics added.) Chapter 11 debtors in possession have such standing with or without bankruptcy court approval because they retain possession and control of their assets as part of their bankruptcy court-supervised plans to revive their businesses and satisfy their creditors. However, the bankruptcy court supervises the liquidation of failed chapter 7 debtors, who can begin or maintain lawsuits in their own name only with the bankruptcy court's and trustee's approval." (Cf. *People* v. *Kings Point Corp.* (1986) 188 Cal.App.3d 544, 548-549 [233 Cal.Rptr. 227] [applying a contrary rule where a trustee was appointed in a chapter 11 proceeding and assumed all authority in litigation]; and see contra, *Tarr* v. *Merco Construction Engineers, Inc.* (1978) 84 Cal.App.3d 707, 712-713 [148 Cal.Rptr. 813] [holding chapter 11 debtor had no standing to sue].)

However, defendants argue, when the matter was converted to chapter 7, standing to maintain this lawsuit became vested in the bankruptcy trustee. Further, defendants contend, the chapter 7 trustee has not abandoned this cause of action; therefore, the chapter 7 trustee is the only party with standing to appeal. We agree for the following reasons.

## II. DISCUSSION

### A. *Construction of a Federal Statute*

Because we are applying federal statutes, we follow rules of statutory construction enunciated by the United States Supreme Court. In *Kaiser Aluminum & Chemical Corp.* v. *Bonjorno* (1990) 494 U.S. 827, 835 [110 S.Ct. 1570, 1575, 108 L.Ed.2d 842], the United States Supreme Court held: "The starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" The United States Supreme Court has noted that "the statutory language controls its construction" (*Ford Motor Credit Co.* v. *Cenance* (1981) 452 U.S. 155, 158, fn. 3 [101 S.Ct. 2239, 2240, 68 L.Ed.2d 744]) and that " '[t]here is, of course, no more persuasive evidence of the purpose of a statute than the

words by which the [L]egislature undertook to give expression to its wishes.' " (*Griffin* v. *Oceanic Contractors, Inc.* (1982) 458 U.S. 564, 571 [102 S.Ct. 3245, 3250, 73 L.Ed.2d 973].) In interpreting a statute, the United States Supreme Court has noted: " 'In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.' [Citations.] Our objective in a case such as this is to ascertain the congressional intent and give effect to the legislative will." (*Philbrook* v. *Glodgett* (1975) 421 U.S. 707, 713 [95 S.Ct. 1893, 1898, 44 L.Ed.2d 525].) On another occasion, the court stated, "We do not, however, construe statutory phrases in isolation; we read statutes as a whole." (*United States* v. *Morton* (1984) 467 U.S. 822, 828 [104 S.Ct. 2769, 2772, 81 L.Ed.2d 680], fn. omitted.) Further, in interpreting a statute, the Supreme Court has emphasized the importance of avoiding: "absurd results" (*United States* v. *Turkette* (1981) 452 U.S. 576, 580 [101 S.Ct. 2524, 2527, 69 L.Ed.2d 246]); " 'an odd result' " (*Public Citizen* v. *Department of Justice* (1989) 491 U.S. 440, 454 [109 S.Ct. 2558, 2567, 105 L.Ed.2d 377]); or "unreasonable results whenever possible." (*American Tobacco Co.* v. *Patterson* (1982) 456 U.S. 63, 71 [102 S.Ct. 1534, 1538, 71 L.Ed.2d 748].) Moreover, the Supreme Court has noted, "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." (*Commissioner* v. *Asphalt Products Co., Inc.* (1987) 482 U.S. 117, 121 [107 S.Ct. 2275, 2278, 96 L.Ed.2d 97].) In *Griffin* v. *Oceanic Contractors, Inc., supra*, 458 U.S. at page 571 [102 S.Ct. at page 3250], the court stated: "Nevertheless, in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling. . . . [Citations.]" When a statute is unambiguous, its language cannot "be expanded or contracted by the statements of individual legislators or committees during the course of the enactment process. [Citation.]" (*West Virginia Univ. Hospitals, Inc.* v. *Casey* (1991) 499 U.S. 83, 98-99 [111 S.Ct. 1138, 1146, 113 L.Ed.2d 68].)

B. *Absent Abandonment, the Chapter 7 Trustee, and Not the Debtor, Has Standing to Pursue a Cause of Action Which Is Property of the Bankruptcy Estate*

■ A trustee in bankruptcy is the representative of the estate. (§ 323(a).)[4] A trustee in bankruptcy has the capacity to sue and to be sued.

---

[4]Section 323(a) states, "The trustee in a case under this title is the representative of the estate."

(§ 323(b).)[5] Under federal decisional authority, a chapter 7 debtor may not prosecute on his or her own a cause of action belonging to the bankruptcy estate unless the claim has been abandoned by the trustee. (*Griffin* v. *Allstate Ins. Co.* (C.D.Cal. 1996) 920 F.Supp. 127, 130; *In re Price* (Bankr. N.D.Ga. 1994) 173 B.R. 434, 440; *In re Davis* (Bankr. N.D.Ind. 1993) 158 B.R. 1000, 1002; *Harris* v. *St. Louis University* (Bankr. E.D.Mo. 1990) 114 B.R. 647, 648-649; see *Vreugdenhil* v. *Hoekstra* (8th Cir. 1985) 773 F.2d 213, 215.) Federal Rule of Civil Procedure 17 (28 U.S.C.), made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure, rule 7017 (11 U.S.C.),[6] requires that "[e]very action shall be prosecuted in the name of the real party in interest." The trustee controls the bankruptcy estate, therefore, she or he is the real party in interest with standing to sue. (*Griffin* v. *Allstate Ins. Co.*, *supra*, 920 F.Supp. at p. 130; *In re Davis*, *supra*, 158 B.R. at p. 1002.) California Code of Civil Procedure section 367 is to the same effect as the federal rule. It provides: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." (Code Civ. Proc., § 367.)

There is decisional authority in California which is consistent with federal law. That is, absent abandonment of the claim by the trustee, a debtor out of possession has no standing to prosecute a cause of action which has passed to the bankruptcy estate. In *Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 829-830 [69 Cal.Rptr. 321, 442 P.2d 377], the California Supreme Court held in a case involving a debtor who was also the plaintiff: "The central question in this case is whether the several causes of action pleaded in the second amended complaint are actually vested in plaintiff himself or in his trustee in bankruptcy. To put it another way: Has plaintiff shown that he has the right to assert these claims or has such right passed to the trustee? [¶] Our resolution of the problem turns on the federal statute. Section 70 of the Bankruptcy Act (11 U.S.C.A. § 110) provides in pertinent part as follows: '(a) The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title . . . to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property; . . .' As will

---

[5]Section 323(b) states, "The trustee in a case under this title has capacity to sue and be sued."

[6]Federal Rules of Bankruptcy Procedure, rule 7017 (11 U.S.C.) states, "Rule 17 F.R.Civ.P. applies in adversary proceedings, except as provided in Rule 2010(b)."

appear the causes of action which plaintiff attempts to assert fall within the categories described by clauses (5) and (6). We have concluded, therefore, that they are rights which passed to the trustee upon plaintiff's adjudication in bankruptcy, that they are not actionable claims resident in plaintiff, and that the demurrers were properly sustained. The judgment of dismissal must therefore be affirmed." Other decisions are in accord. (*Estate of Aldrich* (1950) 35 Cal.2d 20, 23 [215 P.2d 724]; *Danielson* v. *ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 653 [245 Cal.Rptr. 126]; *Wood* v. *Lowe* (1974) 39 Cal.App.3d 296, 299 [114 Cal.Rptr. 69]; *Roberts* v. *Bank of America* (1952) 112 Cal.App.2d 823, 824 [247 P.2d 356].) *Reichert* is the controlling authority on the issue as to whether a debtor out of possession, including one proceeding under chapter 7, has standing to assert legal claims belonging to the bankruptcy estate.

We respectfully disagree with those cases which suggest (because the opinion fails to reveal the chapter under which the bankruptcy petition was filed) or hold that a chapter 7 debtor has standing to continue to prosecute a pending cause of action which has become property of the estate. (E.g., *Baltins* v. *James* (1995) 36 Cal.App.4th 1193, 1201, fn. 10 [42 Cal.Rptr.2d 896] [debtor may continue to prosecute action]; *California Aviation, Inc.* v. *Leeds, supra,* 233 Cal.App.3d at pp. 729-730 [chapter 7 debtor could continue to prosecute action pending assertive conduct by trustee]; *National Secretarial Service, Inc.* v. *Froehlich* (1989) 210 Cal.App.3d 510, 520 [258 Cal.Rptr. 506] [debtor may remain real party in interest pending assertive action by trustee]; *ABA Recovery Services, Inc.* v. *Konold* (1988) 198 Cal.App.3d 720, 726 [244 Cal.Rptr. 27] [where trustee in bankruptcy was appointed, debtor could continue to prosecute action]; *Robinson* v. *McGinn* (1987) 195 Cal.App.3d 66, 78-79 [240 Cal.Rptr. 423], disapproved on another point in *Laird* v. *Blacker* (1992) 2 Cal.4th 606, 617 [7 Cal.Rptr.2d 550, 828 P.2d 691] [filing of chapter 7 petition while legal malpractice case was pending did not deny plaintiff standing to bring action absent assertive conduct by trustee]; *Kaley* v. *Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1193-1196 [232 Cal.Rptr. 384] [debtor could continue to prosecute an action which was pending when bankruptcy petition was filed; trustee is not real party in interest until he or she formally intervenes and is allowed to substitute into pending action]; see *Amstone* v. *Peninsular Fire Ins. Co.* (1991) 226 Cal.App.3d 1019, 1023-1024 [277 Cal.Rptr. 260] [debtor is not automatically foreclosed from continuing to prosecute action]; cf. *J & K Painting Co.* v. *Bradshaw, supra,* 45 Cal.App.4th at p. 1402, fn. 8 [*chapter 11* debtor had standing to proceed with cause of action; case cited by the opposing party "concerned an action filed by a debtor under chapter 7 not a debtor in possession under chapter 11"].) First, those cases are inconsistent with federal law. Second, those cases are inconsistent with *Reichert* v.

*General Ins. Co. of America, supra,* 68 Cal.2d at pages 829-830. *Reichert* is, as we have noted, the controlling California authority. Third, to the extent the courts have relied on Code of Civil Procedure section 368.5 (formerly § 385), that reliance is misplaced. Code of Civil Procedure section 368.5 provides: "An action or proceeding does not abate by the transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." Section 368.5 does not confer standing on a party who has *no right to assert* the claim. (*Reichert* v. *General Ins. Co., supra,* 68 Cal.2d at pp. 829-830.) We have found no decisional authority in California outside the bankruptcy arena which holds in effect that Code of Civil Procedure section 368.5 confers standing on a party. A chapter 7 trustee may be able to continue to prosecute an action in the name of the debtor pursuant to Code of Civil Procedure section 368.5; however, as will be noted, the *debtor* may not pursue the cause of action on his or her own *unless* the cause of action has been abandoned by the trustee pursuant to section 554. (See fn. 9, *post.*) Stated differently, a bankruptcy *trustee* could continue an action in the name of the debtor under Code of Civil Procedure section 368.5. However, it is the *trustee* who must prosecute the action, not the *debtor.* What the above referenced cases hold, instead, is that the debtor may continue to prosecute the cause of action unless the trustee takes affirmative steps to intervene. We conclude, to the contrary, that the debtor must take affirmative steps to comply with section 554 concerning abandonment. Until the debtor secures an abandonment of the claim, the debtor lacks standing to pursue it.

### C. A Cause of Action Accruing After a Chapter 11 Petition Is Filed Is Property of the Bankruptcy Estate

Defendants contend a cause of action which accrues subsequent to a chapter 11 filing is property of the bankruptcy estate which, absent abandonment, only the trustee can pursue. We agree. The commencement of a case under chapter 11 creates a bankruptcy estate. (*Matter of Griseuk* (Bankr. M.D.Fla. 1994) 165 B.R. 956, 958; *In re Acton Foodservices Corp.* (Bankr. D.Mass. 1984) 39 B.R. 70, 72; contra, *In re Durrett* (Bankr. D.NH 1995) 187 B.R. 413, 419; *In re Winom Tool and Die, Inc.* (Bankr. E.D.Mich. 1994) 173 B.R. 613, 622-625; *In re Doemling* (Bankr. W.D.Pa. 1991) 127 B.R. 954, 955.) The bankruptcy estate is comprised of property including: "all legal or equitable interests of the debtor in property as of the commencement of the case" (§ 541(a)(1)), and "[a]ny interest in property that the estate acquires after the commencement of the case." (§ 541(a)(7).) The scope of section 541 is broad; "property" includes causes of action. (*United States* v. *Whiting*

*Pools, Inc.* (1983) 462 U.S. 198, 205, fn. 9 [103 S.Ct. 2309, 2313, 76 L.Ed.2d 515], quoting H.R.Rep. No. 95-595, p. 367 (1977), Sen.Rep. No. 95-989, p. 82 (1978), 1978 U.S. Code Cong. & Admin. News, at pp. 5868, 6323; *In re Wischan* (5th Cir. 1996) 77 F.3d 875, 877; *Jones* v. *Harrell* (11th Cir. 1988) 858 F.2d 667, 669; *In re Cottrel* (6th Cir. 1989) 876 F.2d 540, 542; *Sierra Switchboard Co.* v. *Westinghouse Elec. Corp.* (9th Cir. 1986) 789 F.2d 705, 707-709; *Tignor* v. *Parkinson* (4th Cir. 1984) 729 F.2d 977, 980-981.) In the present case, plaintiffs' cause of action accrued on April 28, 1994, when the foreclosure occurred, which was after the January 6, 1993, filing of the chapter 11 petition. Pursuant to section 541(a)(7), the cause of action was property of the bankruptcy estate.

### D.  *A Cause of Action Relating to an Asset of the Estate Is Also Property of the Bankruptcy Estate*

Even if plaintiffs' cause of action did not become an asset of the bankruptcy estate pursuant to section 541(a)(7), we conclude it became such property under section 541(a)(6). As discussed above, a bankruptcy estate is comprised of property including "all legal or equitable interests of the debtor in property as of the commencement of the case." (§ 541(a)(1).) Pursuant to section 541(a)(6), property of the bankruptcy estate also includes: "Proceeds, product, offspring, rents, or profits of or from property of the estate . . . ." Applying the plain language of the federal statute to the present case, we conclude plaintiffs' cause of action is property of the estate under section 541(a)(6). Plaintiffs had a legal or equitable interest in their residence at the time of the bankruptcy filing. It is undisputed that upon the commencement of Mr. Bostanian's bankruptcy case under chapter 11, plaintiffs' interest in the real property became vested in the estate. (§ 541(a)(1).)[7] The cause of action for improper foreclosure is a product, proceed, or offspring of plaintiffs' interest in their residence. (§ 541(a)(6).) Therefore, it was also property of the chapter 11 estate.

Our conclusion finds support in the case of *In re Acton Foodservices Corp., supra,* 39 B.R. at page 72. The debtor in *Acton* had a pre-petition

---

[7]Ms. Salpi Bostanian argues she has standing to maintain this appeal because she had an interest in the real property and she has not filed any bankruptcy petition. However, pursuant to section 541(a)(2), the bankruptcy estate includes: "All interests of the debtor *and the debtor's spouse* in *community property* as of the commencement of the case that is [¶] (A) under the sole, equal, or joint management and control of the debtor . . . ." (Italics added.) In other words, "[c]ommunity property assets and their proceeds become part of the bankruptcy estate of the first spouse to file a bankruptcy petition." (*Griffin* v. *Allstate Ins. Co., supra,* 920 F.Supp. at p. 130; *In re Bartlett* (Bankr. 9th Cir. 1982) 24 B.R. 605, 607.) Plaintiffs' residence, held by them as community property, falls within the plain language of section 541(a)(2).

interest in a corporation which owned a radio station. The debtor filed a chapter 11 petition in 1980. The corporation also filed a bankruptcy petition. In 1981, the radio station was sold. The debtor asserted a claim of fraud in connection with the sale. In 1982, the bankruptcy court converted the debtor's chapter 11 case to one under chapter 7. The United States Bankruptcy Court for the District of Massachusetts held the fraud claim was property of the chapter 7 estate and the debtor had no standing to assert it. The court reasoned: Any legal or equitable interest the debtor had in the corporation, including the radio station, became property of the chapter 11 estate in 1980; the cause of action arising from the sale of the radio station was a proceed, product, offspring, rent, or profit of or from the debtor's interest in the corporation which owned the radio station (§ 541(a)(6)); and the cause of action was property acquired by the estate after commencement of the bankruptcy case. (§ 541(a)(7).) Therefore, the cause of action was property of the estate. (*Ibid.*)

### E. Conversion of the Bankruptcy Case From Chapter 11 to 7 Did Not Effect Any Change in the Property of the Estate

The conversion of the bankruptcy proceeding from chapter 11 to 7 did not effect any change in the composition of the property of the estate. Section 348(a) states in relevant part: "Conversion of a case from one chapter of this title to a case under another chapter of this title . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."[8] Under the plain language of the statute, the conversion of Mr. Bostanian's bankruptcy proceeding from Chapter 11 to 7 did not change the date the petition was filed. (*In re Winom Tool and Die, Inc.*, *supra*, 173 B.R. at pp. 625-626.) Under section 541(a)(1), property of the chapter 7 estate is determined as of the date the chapter 11 petition was filed. The Tenth Circuit Court of Appeals has held: "[U]pon conversion the assets which are the property of the chapter 7 estate are determined with reference to the date of filing of the original chapter 11 petition. [Citations.]" (*Patrick A. Casey, P.A.* v. *Hochman* (10th Cir. 1992) 963 F.2d 1347, 1350; *In re Durrett*, *supra*, 187 B.R. at p. 419.) Therefore, plaintiffs' cause of action for improper foreclosure is also property of the chapter 7 estate. The fact it once was property of the chapter 11 estate does not change matters. Because the cause of action is property of the chapter 7 estate, only the trustee in bankruptcy has standing to prosecute it.

### F. The Trustee Has Not Abandoned This Cause of Action

Plaintiffs argue their residence ceased to be property of the bankruptcy estate when Liberty Savings Bank obtained relief from the automatic stay

---

[8]Filing a voluntary chapter 11 petition constitutes entry of an "order for relief." (§ 301.)

and foreclosed on it. They conclude: "[T]he property is no longer a part of the [b]ankruptcy estate as defined in section 541 and pursuant to section 362 of the Bankruptcy Code." Plaintiffs' argument misses the point. The issue is not whether the residence is estate property. The residence has been foreclosed upon. The issue is whether the cause of action challenging the foreclosure is estate property. Relief from the automatic stay and abandonment are not synonymous concepts. (*In re B.S. Livingston & Co., Inc.* (Bankr. D.N.J. 1995) 186 B.R. 841, 858-859 [lifting of automatic stay is not equivalent to abandonment]; *Matter of Nebel* (Bankr. D.Neb. 1994) 175 B.R. 306, 311-312 [". . . the act of lifting the automatic stay is not analogous to an abandonment of the property"]; *In re Gassaway* (Bankr. N.D.Miss. 1983) 28 B.R. 842, 846 [trustee abandoned real property but automatic stay continued in effect as to debtor]; *In re Motley* (Bankr. M.D.Ga. 1981) 10 B.R. 141, 145 [same].) Relief from the automatic stay did not constitute an abandonment of any interest of the estate in or relating to the real property. (Cf. *In re Markey* (Bankr. W.D.Mich. 1992) 144 B.R. 738, 742 [trustee's rejection of executory land contract does not dispose of bankruptcy estate's interest in any residual rights, i.e., rights of possession and of redemption in any foreclosure].) When Liberty Savings Bank was granted relief from the automatic stay, which is governed by section 362, it was allowed to proceed against the debtors in a foreclosure action. Abandonment, on the other hand, is governed by section 554.[9] Pursuant to that section, a trustee may abandon estate property "[a]fter notice and a hearing," or the court may order abandonment "[o]n request of a party in interest and after notice and a hearing." (§ 554(a), (b).) The Ninth Circuit Bankruptcy Panel has held: "Under Section 541(a) of the Code, all legal and equitable interests of the debtor belong to the estate at the commencement of the case. Thereafter, the debtor may remove some of the property by claiming exemptions under Section 522(b). *In re Woodson*, 839 F.2d 610, 616 n. 8 (9th Cir. 1988); *Sierra Switchboard Co.* v. *Westinghouse Elec. Corp.*, 789 F.2d 705, 708-09 (9th Cir. 1986). Title is therefore in the trustee from the beginning and '[u]nless property is abandoned or intentionally revested, title generally remains in the trustee. Abandonment requires affirmative action or some other evidence of intent by the trustee.' *In re Berg*, 45 B.R. 899, 903 (9th Cir. BAP 1984). During the

---

[9]Section 554 states, "(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. [¶] (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. [¶] (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title. [¶] (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

pendency of the case, the notice and hearing requirements of Section 554 must be observed for an 'abandonment' to occur. *Sierra Switchboard, supra* 789 F.2d at 709 ('. . . there is no abandonment without notice to creditors')." (*In re Hyman* (Bankr. 9th Cir. 1991) 123 B.R. 342, 348, affd. (9th Cir. 1992) 967 F.2d 1316, 1321.) There is no evidence the trustee has abandoned or has been ordered to abandon the estate's interest in the real property or in the cause of action arising out of that interest. That the trustee is aware of this action and may not have taken any steps to intervene does not constitute abandonment within the meaning of the Bankruptcy Code. (*Sierra Switchboard Co. v. Westinghouse Elec. Co., supra*, 789 F.2d at p. 709.)

## G. *Plaintiffs Have No Standing to Pursue This Appeal*

We conclude plaintiffs' cause of action is property of the bankruptcy estate. Further, there is no evidence the chapter 7 trustee has abandoned the interest in this claim. Absent abandonment, plaintiffs have no standing to pursue this appeal; the chapter 7 trustee is the real party in interest with standing to sue. Fairness dictates plaintiffs should be given an opportunity to secure an abandonment by the trustee in the bankruptcy court. They shall have 30 days to do so.

### DISPOSITION

Plaintiffs, Stefan and Salpi Bostanian, shall have 30 days from the date this opinion becomes final in which to secure an abandonment of this cause of action in the bankruptcy court pursuant to 11 United States Code section 554. If plaintiffs fail to timely secure an abandonment and absent any intervening order of this court, the appeal shall be dismissed 31 days from the date this opinion becomes final.

Grignon, J., and Armstrong, J., concurred.

On February 28, 1997, the opinion was modified to read as printed above.