Filed 4/14/15  Sohal v. Crossland CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| GURDEEP SOHAL et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CHARLES CROSSLAND et al.,<br><br>Defendants and Respondents. | C072297<br><br>(Super. Ct. No. 62747)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 18, 2015, be modified as follows:

In the first paragraph on page eight, insert the following text as a footnote after the sentence, "The appropriate disposition of an appeal for which the appellants have no standing is dismissal."

In a petition for rehearing, with an accompanying request for judicial notice, the Sohals argue that they have standing in this litigation because the bankruptcy court actually abandoned the real property at issue and therefore "necessarily" abandoned the state court litigation. We conclude (1) the argument is forfeited because it was made after we issued our decision and (2) in any event, it is without merit.

The Crosslands made the standing argument in their respondent's brief on appeal, yet the Sohals did not respond in their reply brief. Instead, they waited until after the decision was filed to make their argument for standing in their petition for rehearing. This untimely argument is forfeited. (*Gentis v. Safeguard Business Systems, Inc.* (1998) 60 Cal.App.4th 1294, 1308 [arguments cannot be raised for first time in petition for rehearing].)

Even if we were to grant the request for judicial notice and consider the argument, we would find that it is without merit. The Sohals' petition for rehearing and accompanying request for judicial notice seek to establish that, even though the record on appeal did not so reflect, the bankruptcy court abandoned the real property by order. The problem with the argument is that the dismissal of the appeal for lack of standing is based on the bankruptcy trustee's ownership over *the litigation*, not ownership of the *real property*.

In the petition for rehearing, the Sohals twice write that abandonment of the real property "necessarily" means that the bankruptcy court abandoned its claim over the state court litigation, which included more than just the real property issues. Nowhere in the petition for rehearing do the Sohals provide authority for the proposition that abandonment of the real property necessarily abandons ownership over litigation that

2

includes real property issues.  The proposition is not self-evident.  Because the Sohals provide no authority for the proposition, the issue is forfeited.  (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 571-572.)

Because it would serve no purpose, the request for judicial notice is denied.


This modification does not change the judgment.

The petition for rehearing is denied.


THE COURT:



_____RAYE_____, P. J.



_____NICHOLSON_____, J.



_____HOCH_____, J.

Filed 3/18/15 (unmodified version)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| GURDEEP SOHAL et al., | C072297 |
| Plaintiffs and Appellants, | (Super. Ct. No. 62747) |
| v. | |
| CHARLES CROSSLAND et al., | |
| Defendants and Respondents. | |

Gurdeep and Jasbir Sohal purchased real property and a business from Charles and Patricia Crossland.  Later, the Sohals stopped paying on the loan provided by the Crosslands and sued the Crosslands.  The Crosslands cross-complained and prevailed at trial on both the Sohals' complaint and their own cross-complaint.  Before the trial court could enter judgment, however, the Sohals filed a bankruptcy petition.  Despite the automatic bankruptcy stay, the trial court entered judgment in favor of the Crosslands. The Crosslands obtained relief from the stay in the bankruptcy court, but, instead of

1

obtaining a new judgment, they proceeded to a judicial foreclosure on the property. After the Crosslands repurchased the property in the judicial foreclosure sale, the Sohals moved to set aside the judgment, arguing that, since the judgment was entered while the bankruptcy stay was in effect, it was void. The trial court denied the motion, and the Sohals appeal.

We conclude that the Sohals have no standing to move to set aside the judgment or to appeal the trial court's denial of the motion because the property and related litigation became part of the bankruptcy estate. Ownership over this litigation was never abandoned by the bankruptcy trustee.

We also conclude that the Sohals' appeal from the trial court's later order of costs, including attorney fees, is without merit because the Sohals make no argument in their briefing challenging the order of costs.

We therefore dismiss the appeal from the order denying the motion to set aside the judgment and affirm the order of costs.

BACKGROUND

Before we recount the background, we must comment on the Sohals' briefing. Much of their opening brief contains statements of fact or procedure without a reference to the record on appeal. Because of this, the Sohals' briefing is "in dramatic noncompliance with appellate procedures." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) We will not consider any statement of fact or procedure not supported by a reference to the record on appeal. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) We therefore disregard those statements in the Sohals' briefing not properly supported and consider only statements that have an accompanying citation to the record on appeal.

In April 2006, the Crosslands sold real property and their business (collectively, the Country Store) in Tehama County to the Sohals for $1.2 million.[1] The Sohals paid about half the purchase price in cash, and the Crosslands provided a loan for the remainder of the purchase price, secured by a deed of trust on the property. In 2009, the Sohals stopped paying on the loan.

Also in 2009, the Sohals sued the Crosslands, alleging various breach of contract, misrepresentation, rescission, and other causes of action. The Crosslands cross-complained, seeking reformation, judicial foreclosure, and a receivership. At the close of the Sohals' case-in-chief in the jury trial on the legal causes of action, the trial court granted the Crosslands' motion for nonsuit. The trial then continued before the court alone on the equitable causes of action alleged by the parties.

At the close of the court trial, the court found against the Sohals on their rescission cause of action and in favor of the Crosslands on their reformation and judicial foreclosure causes of action. The court found that, as of October 17, 2009, the Sohals owed the Crosslands $570,365.16, and were in default.

On July 7, 2011, the trial court announced its tentative decision and directed the Crosslands to prepare a proposed judgment.

On August 1, 2011, the Sohals filed a voluntary petition for chapter 7 bankruptcy in the Northern District of California, including the Country Store in the bankruptcy estate.

On August 4, 2011, the trial court signed the judgment, reflecting the tentative decision, even though the bankruptcy stay was in effect.

---

[1] The Sohals' adult son, Gurmukh Singh Sohal, was also involved in the transaction and the resulting litigation, but he is not a party to the motion to set aside the judgment or this appeal.

The Crosslands filed a motion for relief from the bankruptcy stay in the bankruptcy court as to the Country Store. The parties stipulated to relief from the automatic stay, and an order of the bankruptcy court was entered based on the parties' stipulation. As relevant here, the bankruptcy court's order stated "[t]hat [the Crosslands] are hereby granted relief from the automatic stay and may take the following actions with respect to [the Sohals] and [the Country Store]: (a) foreclosing a foreclosure, whether judicially or non-judicially . . . that certain deed of trust . . . encumbering said property; (b) prosecuting [the superior court action], solely for the purpose of reducing to judgment, noticing and conducting a judicial foreclosure sale of said property; (c) enforcing the judgment in [the superior court action], through legal process or otherwise, solely for the purpose of recovering possession of said property; (d) recovering possession of said property by other lawful means; and (e) prosecuting, if necessary, an unlawful detainer action against the debtors, or anyone claiming the property thereunder, solely for the purpose of recovering possession of said property."

This order, based on the parties' stipulation, was entered on November 18, 2011.

After the bankruptcy court issued the order granting relief from the stay as to the Country Store (no relief from the stay was granted as to money owed to the Crosslands), the Sohals attempted to have that order rescinded on several occasions. Each attempt was denied by the bankruptcy court.

In January 2012, the trial court issued a writ of sale and, on August 8, 2012, the sheriff sold the Country Store to the Crosslands for about $580,000.

Also on August 8, 2012, the Sohals filed a motion to set aside the judgment, arguing that it was void because it was entered while the bankruptcy stay was in effect.

The trial court denied the Sohals' motion to set aside the judgment on August 28, 2012. The Sohals filed a notice of appeal from that order on October 10, 2012.

4

On October 23, 2012, the trial court entered an order awarding more than $20,000 in costs, including attorney fees, to the Crosslands. The Sohals filed a notice of appeal from the costs order on November 26, 2012.

DISCUSSION

The Crosslands argued in their respondents' brief that the Sohals do not have standing to maintain this appeal, or the underlying motion to set aside the judgment from which the appeal is taken, because the Country Store and associated litigation became part of the bankruptcy estate, and the trustee did not abandon the action. The Sohals did not respond to this argument in their reply brief.[2] We conclude that the Crosslands are correct. The Sohals do not have standing to maintain this appeal or the underlying action.[3]

Why the Sohals want to set aside the judgment on which the judicial foreclosure sale was based has not been clear in this action until the Sohals filed their reply brief on appeal. A judicial foreclosure sale "is absolute and may not be set aside for any reason." (Code Civ. Proc., § 701.680, subd. (a).) That absolute language is tempered only by subdivision (c) of the same statute, which does not apply here. If the sale was improper and the creditor purchased the property, the debtor has 90 days after the sale to commence an action to set aside the sale. (Code Civ. Proc., § 701.680, subd. (c)(1).) It is undisputed that the Sohals did not commence an action within 90 days, so the sale is absolute and final.

---

**2**     We would consider the Sohals' standing in this action even if the Crosslands had not raised the issue because it is jurisdictional. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.)

**3**     We take judicial notice of documents in the record on appeal that were filed in the Sohals' bankruptcy proceeding in the Northern District of California, case No. 11-57232-ASW07. (Evid. Code, § 452, subd. (d).)

5

In their reply brief, the Sohals cite subdivision (b) of Code of Civil Procedure section 701.680, which provides that, if the judgment on which the judicial foreclosure sale was based is set aside, "the judgment debtor may recover from the judgment creditor the proceeds of a sale . . . ." In emphasized text, the Sohals declare this to be "no small thing." So the Sohals wish to claim the proceeds of the judicial foreclosure sale under this provision.

The Sohals also assert that they may have some right to equitable redemption of the property. For this assertion, they rely on the extreme case of *Lang v. Roché* (2011) 201 Cal.App.4th 254 at pages 262 to 265, in which the appellate court held that the judgment debtor could recover property sold in a judicial foreclosure, despite Code of Civil Procedure section 701.680, because the judgment creditor fraudulently avoided serving notice of the action on the judgment debtor. But the action between the Sohals and the Crosslands is not an extreme case involving fraudulent and surreptitious prosecution of an action without the defendant's knowledge. It is clear that the only possible remedy is recovery of the proceeds of the sale under Code of Civil Procedure section 701.680, subdivision (b).

While recovery of the proceeds of the judicial foreclosure sale may be the Sohals' desire, they have no standing to set a side the judgment. A debtor in bankruptcy may not pursue an action based on an asset of the bankruptcy estate unless the right to maintain that action has been abandoned by the bankruptcy trustee. (*Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075 (*Bostanian*).)

In *Bostanian*, the Court of Appeal concluded that a cause of action for improper foreclosure upon a bankruptcy estate asset that arose postpetition constituted property of the estate that could be pursued only by the chapter 7 bankruptcy trustee, unless the trustee abandoned the action. The court held that the bankruptcy estate includes not just property but also any cause of action arising from that property. (*Bostanian, supra,* 52 Cal.App.4th at p. 1083.) Specifically, a cause of action for improper foreclosure of estate

6

property is also the property of the bankruptcy estate. (*Id.* at p. 1084.) Since the cause of action is property of the bankruptcy estate, only the bankruptcy trustee has standing to assert the cause of action. The bankruptcy debtor may obtain standing only if the bankruptcy trustee formally abandons the cause of action. (*Id.* at pp. 1085-1087.)

*Bostanian* relied on the California Supreme Court's decision in *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822 (*Reichert*), in which the court held that the bankruptcy trustee holds title to any legal claims in the bankruptcy estate, and the debtor has no standing to assert those claims. (*Bostanian, supra,* 52 Cal.App.4th at pp. 1081-1083.)

*Bostanian* also cited and rejected as contrary to federal law and the controlling authority of *Reichert* those California Court of Appeal cases holding that a debtor has standing to continue to prosecute a pending case which has become property of the bankruptcy estate. (*Bostanian, supra,* 52 Cal.App.4th at pp. 1082-1083.)

Nothing that we have found in the record on appeal indicates that the Sohals' bankruptcy trustee abandoned the asserted claim against the Crosslands for the proceeds of the judicial foreclosure sale. The bankruptcy court granted relief, as noted above, for the Crosslands to obtain judgment and foreclose on the Country Store property. But the trustee did not formally abandon the claim the Sohals assert now for the proceeds of the judicial foreclosure sale. So on this record, the Sohals do not have standing to pursue a motion to set aside the judgment in favor of the Crosslands. Consequently, they also have no standing to appeal the trial court's denial of the motion.[4]

---

**4**    In *Bostanian*, the court determined that "[f]airness dictates plaintiffs should be given an opportunity to secure an abandonment by the trustee in the bankruptcy court. They shall have 30 days to do so." (*Bostanian, supra,* 52 Cal.App.4th at p. 1087.) Here, on the other hand, it appears that the bankruptcy proceeding has ended, and, in any event, the equities do not favor the Sohals because they agreed to judicial foreclosure on the property in their stipulation in the bankruptcy court.

7

The appropriate disposition of an appeal for which the appellants have no standing is dismissal.  (See *In re Paul W.* (2007) 151 Cal.App.4th 37, 65.)

We must address one more matter:

There were two notices of appeal in this case.  The first dealt with the denial of the motion to set aside the judgment.  The second dealt with the trial court's later order awarding costs, including attorney fees, to the Crosslands.  In their opening brief, the Sohals make no argument that the order of costs was improper.  Since the award of costs stands unchallenged, we must also affirm that order.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

DISPOSITION

The appeal from the order denying the motion to set aside the judgment is dismissed.  The order awarding costs, including attorney fees, is affirmed.  The Crosslands are awarded their costs on appeal.[5]  (Cal. Rules of Court, rule 8.278(a).)

                                                                NICHOLSON      , J.

We concur:

      RAYE              , P. J.

      HOCH             , J.

---

[5]    The Crosslands also request an award of attorney fees as an element of costs on appeal.  That is a matter to be raised in the trial court.  (Cal. Rules of Court, rule 8.278(c).)