Filed 9/29/16  Alonso v. Dulcich CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAFAEL ALONSO,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>JOHN S. DULCICH,<br><br>        Defendant and Respondent. | F071755<br><br>(Super. Ct. No. CV282651)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Yarra, Kharazi & Clason and H. Ty Kharazi for Plaintiff and Appellant.

Clifford & Brown, Stephen T. Clifford and John R. Szewczyk for Defendant and Respondent.

-ooOoo-

Appellant, Rafael Alonso, challenges the dismissal of his action against respondent, John S. Dulcich after the trial court sustained Dulcich's demurrer to the first amended complaint without leave to amend.  Dulcich demurred on the grounds that: (1) Alonso did not have standing because the cause of action belonged to Alonso's

bankruptcy estate; and (2) two of the three causes of action were barred by the litigation privilege. (Civ. Code,[1] § 47, subd. (b).)

Alonso argues his claim against Dulcich accrued after he filed his bankruptcy petition. Alonso further contends that his claims are not barred by section 47, subdivision (b), because Dulcich is his former attorney and the action is based on Dulcich's alleged breach of his duty of loyalty and confidentiality.

The trial court properly sustained the demurrer. Because the decision on whether to pursue the claim or abandon the claim had not yet been made in the bankruptcy proceeding, Alonso's filing of this action was premature. Accordingly, the judgment will be affirmed.

## BACKGROUND

In 2004, Alonso retained Dulcich to represent him in a civil suit. For the next five years, Dulcich represented Alonso in various other legal matters.

Thereafter, Dulcich represented Marko Zubcic in his breach of contract action filed against Alonso. In July 2011, Dulcich obtained a judgment in favor of Zubcic and against Alonso for $75,000.

On February 6, 2012, Alonso filed for bankruptcy protection to discharge the judgment against him.

On June 1, 2012, Zubcic filed an adversary proceeding against Alonso seeking a denial of the bankruptcy discharge claim. Zubcic was represented by Phillip Gillet. Nevertheless, Dulcich acted as the lead attorney for Zubcic in a deposition in this adversary proceeding held on December 20, 2013. According to Alonso, during this deposition Dulcich asked questions that made Alonso aware that Dulcich "was intentionally using his vast store of knowledge of [Alonso's] private family and financial

---

[1]     All further statutory references are to the Civil Code unless otherwise stated.

affairs to forge legal theories[,] pursue causes of action against him, and to seek retribution against [Alonso]."

In August 2014, Alonso filed the underlying action against Dulcich. Alonso claimed that Dulcich used information obtained through their attorney-client relationship against Alonso in the bankruptcy action. Alonso set forth causes of action for breach of fiduciary duty, intentional infliction of emotional distress, and public disclosure of private facts.

Dulcich's demurrer to this complaint was sustained with leave to amend and Alonso filed his first amended complaint. This complaint again alleged causes of action for breach of fiduciary duty and intentional infliction of emotional distress but substituted a cause of action for breach of the duty of confidentiality in violation of Business and Professions Code section 6068, in place of public disclosure of private facts.

The trial court sustained Dulcich's demurrer to the first amended complaint without leave to amend and dismissed the action. The trial court ruled that Alonso lacked standing to maintain the action because the claims remained with the bankruptcy estate. As to the second and third causes of action for intentional infliction of emotional distress and breach of the duty of confidentiality, the court ruled that the causes of action were barred under section 47, subdivision (b).

## DISCUSSION

In reviewing a ruling on a demurrer, the appellate court's only task is to determine whether the complaint states a cause of action. (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824.) In doing so, the court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Further, the complaint must be given a reasonable interpretation, reading it as a whole and its parts in their context. (*Ibid.*)

3.

***Alonso lacks standing to prosecute the action.***

As noted above, Alonso filed for bankruptcy on February 6, 2012. Thus, the bankruptcy estate is comprised of all of Alonso's property, including all of his legal or equitable interests, as of February 6, 2012. (*Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1083 (*Bostanian*).) The bankruptcy estate also includes " '[p]roceeds, product, offspring, rents, or profits of or from property of the estate ….' " (*Id.* at p. 1084.)

A trustee in bankruptcy is the representative of the bankruptcy estate and has the capacity to sue and to be sued. (*Bostanian, supra,* 52 Cal.App.4th at p. 1080.) A debtor may not prosecute his or her own cause of action if it belongs to the bankruptcy estate unless the claim has been abandoned by the trustee. In other words, such a debtor has no standing to prosecute the cause of action. (*Id.* at p. 1081.) Thus, whether Alonso has standing to prosecute the complaint depends on whether his claim belongs to the bankruptcy estate. If it does, then only the trustee may prosecute it. On the other hand, if the trustee "abandons" the right to prosecute the claim, the debtor has standing to file the action in his own name.

Alonso's complaint is premised on Dulcich's representation of Zubcic in Zubcic's action against Alonso, one of Dulcich's former clients. Such a breach of fiduciary duty occurs when the attorney abandons the old client in favor of the new client. "[O]nce the attorney accepts a representation in which confidences disclosed by a former client may benefit the new client due to the relationship between the new matter and the old, he or she has breached a duty of loyalty. The breach of fiduciary duty lawsuit may follow litigation pursued against the former client, but does not arise from it." (*Benasra v. Mitchell Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179, 1189.)

According to respondent, the fact that Dulcich allegedly used the confidential information after Alonso filed his bankruptcy petition does not cause the claims arising from Dulcich's breach of fiduciary duty to be outside the bankruptcy estate. Rather,

4.

those claims are traceable directly to a pre-petition event, i.e., Dulcich's representation of Zubcic in the action against Alonso. (*In re O'Dowd* (3d Cir. 2000) 233 F.3d 197, 203-204.) In fact, it was the judgment in favor of Zubcic and against Alonso that prompted the bankruptcy and the objected to questions occurred during efforts to collect on that judgment. Accordingly, respondent argues that Alonso's causes of action against Dulcich are sufficiently rooted in the prebankruptcy past that they should be regarded as property of the bankruptcy estate. (Cf. *Segal v. Rochelle* (1966) 382 U.S. 375, 380.)

Appellant argues that the bankruptcy court previously determined that his claim was not part of the bankruptcy estate when it denied the bankruptcy trustee's motion to sell the cause of action to Dulcich's insurer for $5,000. Appellant's contention is not supported by the record before us. The record does not indicate that the bankruptcy court made any determination on when the cause of action arose. Rather, the bankruptcy court merely concluded that the trustee had not made a sufficient showing regarding ownership. Thus, the court denied the motion *without prejudice*.

Therefore, at the time Alonso filed this action, he did not have standing to prosecute his complaint.[2] Without a decision in the bankruptcy court that this claim is not an asset of the bankruptcy estate or that it has been abandoned by the trustee, Alonso's filing in the superior court was premature. In light of this conclusion, we need not rule on the merits of the litigation privilege issue.

---

[2] Alonso's request for judicial notice of his deposition taken on December 20, 2013 in the bankruptcy action is denied as irrelevant.

5.

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded his costs on appeal.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
POOCHIGIAN, J.