Filed 5/21/25  De Smidt v. Nationstar Mortgage CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| CAMERON DE SMIDT, | |
| Plaintiff and Appellant, | E083812 |
| v. | (Super. Ct. No. CVSW2109381) |
| NATIONSTAR MORTGAGE, LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed.

Law Offices of Ronald H. Freshman, and Ronald Henry Freshman for Plaintiff and Appellant.

Troutman Pepper Hamilton Sanders, Justin D. Balser, Katalina Baumann, and E. Christine Hehir for Defendants and Respondents Nationstar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association.

Severson & Werson, Elizabeth C. Farrell, and Jan T. Chilton for Defendants and Respondents Bank of America, N.A. and Recontrust Company N.A.

1

Barrett Daffin Frappier Treder & Weiss and Edward A. Treder for Defendant and Respondent, Barrett Daffin Frappier Treder & Weiss, LLP.

## I.

## INTRODUCTION

After defaulting on his loan in 2008, filing for chapter 7 bankruptcy in 2015, and losing his home in a nonjudicial foreclosure sale in 2017, Cameron De Smidt sued Bank of America, N.A. (BANA), Nationstar Mortgage LLC (Nationstar), Federal National Mortgage Association (Fannie Mae), and Mortgage Electronic Registration Systems, Inc. (MERS) (*De Smidt I* respondents) seeking to rescind the sale under multiple theories, including invalid debt assignment. The trial court sustained demurrers without leave to amend and entered judgments of dismissal against De Smidt. In 2020, we affirmed those judgments in a prior opinion, finding that De Smidt lacked standing to assert the claims he asserted, all of which belonged to the bankruptcy estate. (*De Smidt v. Nationstar Mortgage LLC et al.*, (Jun 08, 2020, E069887) [nonpub. opn.] (*De Smidt I*).)

De Smidt then filed this case, again asserting various claims against BANA, Nationstar, Fannie Mae, MERS, as well as Recontrust Company, N.A., and the law firm of Barrett Daffin Frappier Treder & Weiss, LLP (respondents). Respondents demurred, the trial court sustained the demurrers without leave to amend and entered judgments for respondents, and De Smidt appealed. We agree with the trial court that De Smidt lacks standing to assert his claims and affirm the judgments on that basis.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  De Smidt I[1]

In 2007, De Smidt obtained a refinance loan of $367,000 from GreenPoint Mortgage Funding, Inc. (GreenPoint), which was secured by a deed of trust recorded against his residence in Murrieta.  He defaulted on the loan in 2008.

On February 26, 2015, the trustee on the deed of trust, the law firm of Barrett Daffin Frappier Treder & Weiss, LLP (Barrett), recorded a notice of default against De Smidt's Murrieta property, indicating he had been in default since December 1, 2008 and was in arrears of $205,572.57.  In October 2015, Barrett recorded a notice of trustee's sale reflecting a sale date of November 17, 2015.

Four days before the scheduled sale, on November 13, 2015, De Smidt filed for chapter 7 (liquidation) bankruptcy protection.  (11 U.S.C. § 301 et seq.)  In the schedule of assets he filed with the bankruptcy court, he listed the Murrieta property as an asset valued at $450,000.  He acknowledged the deed of trust was a secured lien on the property and listed Nationstar as a creditor of his mortgage.  In February 2016, the bankruptcy court granted De Smidt a discharge.  (11 U.S.C. § 727.)

---

[1] The following section draws from our *De Smidt I* opinion.

A year later, Fannie Mae purchased the property at a nonjudicial foreclosure sale. A few months after that, De Smidt filed suit against the *De Smidt I* respondents (each of whom, through various assignments, stood as either a trustee or a beneficiary of the deed of trust), seeking to invalidate the sale and the loan. Smidt's first amended complaint (FAC) alleged claims for cancellation of instruments, slander of title, and unfair business practices against all *De Smidt I* respondents, a claim for wrongful foreclosure against Fannie Mae, a claim for violation of the HBOR against Nationstar, and a claim for breach of contract against Fannie Mae and Nationstar. These claims were based on two theories—(1) that the loan and deed of trust were void because the loan was table funded and (2) that the deed of trust and its assignments were void because MERS lacked authority to act as the trust deed beneficiary, and as such, Fannie Mae did not hold the required beneficial interest in the loan or deed of trust to foreclose on the property.

In their demurrers to the FAC, the *De Smidt I* respondents argued De Smidt lacked standing to assert his claims because they belonged to the bankruptcy estate. They also asserted various arguments as to why the claims failed on their merits, including that De Smidt had not alleged he had tendered payment of his debt and that the cancellation of instruments, slander of title, and unfair business practices claims were time barred. The trial court concluded De Smidt's claims failed on their merits and sustained the *De Smidt I* respondents' demurrers as to all of the claims without leave to amend, except for the wrongful foreclosure claim against Fannie Mae, the HBOR claim against Nationstar, and

the breach of contract claims against Fannie Mae and Nationstar, for which the court granted De Smidt 20 days to amend.

De Smidt then filed a second amended complaint (SAC), realleging those three claims—wrongful foreclosure against Fannie Mae, violation of the HBOR against Nationstar, and breach of contract against Fannie Mae and Nationstar. Nationstar and Fannie Mae filed demurrers, again arguing De Smidt lacked standing and also arguing the claims failed on their merits. The trial court agreed the claims failed on their merits and sustained the demurrers without leave to amend. De Smidt filed a timely appeal.

We affirmed on the ground that De Smidt lacked standing to assert his claims, all of which belonged to the bankruptcy estate. (*De Smidt I*, *supra*, E069887.)

We explained: "Under the federal bankruptcy statutes, the filing of a petition in bankruptcy commences the case and 'creates an estate,' which consists of 'all legal or equitable interests of the debtor in property as of the commencement of the case,' '[a]ny interest in property that the estate acquires after the commencement of the case,' and any '[p]roceeds, product, offspring, rents, or profits of or from property of the estate.' [Citations.] 'The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate.' [Citations.] As a result of this transfer, the chapter 7 trustee, "'as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."' [Citation.]" (*De Smidt I*, *supra*, E069887.)

5

Applying these principles, we held that "the real party in interest with standing to assert the claims at issue is the chapter 7 trustee, not De Smidt . . . because the claims relate to the rightful ownership of and ability to foreclose on the Murrieta property, and when De Smidt filed the bankruptcy petition, the Murrieta property—and any causes of action related to the property—became part of the bankruptcy estate." (*De Smidt I*, *supra*, E069887.) Because De Smidt lacked standing to assert any of his claims and there was no reasonable possibility he could amend the SAC to show he had standing, we affirmed. (*De Smidt I*, *supra*, E069887.)

B. *This Case*

In November 2021, De Smidt filed this case against respondents. It was removed to federal court and the federal district court entered judgment against De Smidt, finding that he lacked standing to assert the claims, which belonged to the bankruptcy estate. The district court later vacated that judgment, however, after finding that it lacked jurisdiction over the case, which the court then remanded to state court.

In his operative amended complaint, filed in state court in July 2023, De Smidt alleged seven causes of action. The thrust of De Smidt's claims is that none of the respondents had the authority to assign the DOT or take any action related to the Murrieta property or the loan, and thus the assignments are fraudulent/unauthorized, which renders all the associated financial documents void.

6

Respondents demurred, arguing that De Smidt lacked standing to assert his claims, which belong to the bankruptcy estate. While those motions remained pending, De Smidt filed a motion in bankruptcy court to vacate the discharge, which the bankruptcy court denied. De Smidt then filed a motion to reopen the bankruptcy, which the bankruptcy court also denied.

After those bankruptcy proceedings resolved, the trial court sustained respondents' demurrers without leave to amend on the ground that De Smidt lacked standing to assert his claims, which belong to the estate. De Smidt moved for reconsideration, which the trial court denied. The trial court then entered judgment for respondents, and De Smidt timely appealed.

III.

DISCUSSION

Respondents once again renew their arguments that De Smidt lacks standing to assert the claims at issue here. They contend the trustee of the estate is the only real party in interest with standing to assert the claims, unless the trustee abandons or is ordered to abandon them by the bankruptcy court. We agree.

De Smidt effectively concedes all but his wrongful eviction claim belong to the bankruptcy estate. He asserts that, due to statements the bankruptcy trustee made to him, he "[m]istakenly believe[ed] he had standing to [] fully pursue" those claims. He contends, however, that "the bankruptcy court has put the causes of action in perpetual

7

suspense" and "[i]f the bankruptcy is not going to administer the claims, then [he] should be allowed to pursue his interests" in state court.

De Smidt does not cite, nor can we find, any authority that would permit us to ignore the established bankruptcy principle—which we stated in *De Smidt I*—that a "'chapter 7 debtor may not prosecute [the claim] on his or her own . . . unless the claim has been abandoned by the trustee.'" (*De Smidt I*, *supra*, E069887, quoting *Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1081.) This is because we have no authority to administer the property of a bankruptcy estate. (See 11 U.S.C. § 541(a), (1), (6) & (7); *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004; Code Civ. Proc. § 367.) Because the bankruptcy trustee has not abandoned the claims that De Smidt acknowledges belong to the bankruptcy estate (all his claims except the wrongful eviction claim), he lacks standing to pursue them.

Although De Smidt contends he has standing to pursue his wrongful eviction claim, we disagree. De Smidt argues this claim does not belong to the bankruptcy estate because it arose in November 2020, after the discharge was entered.

We rejected a similar claim in *De Smidt I*. There, De Smidt argued "one of his claims, his cause of action for wrongful foreclosure, falls outside of the bankruptcy estate because it accrued after he was granted a discharge and therefore constitutes a 'new harm.'" (*De Smidt I*, *supra*, E069887.) We disagreed, noting that long-standing California law holds that "even when the allegedly improper foreclosure sale occurs after the filing of a bankruptcy petition and creation of the bankruptcy estate, the attendant

8

wrongful foreclosure claim remains part of the estate because it constitutes an 'interest in property that the estate acquires after the commencement of the case,' as well as a 'product [or] offspring . . . of . . . property of the estate.'" (*Ibid*., quoting *Bostanian v. Liberty Savings Bank*, *supra*, 52 Cal.App.4th at pp. 1083-1084.) We thus concluded that De Smidt's wrongful foreclosure claim belonged to the bankruptcy estate, so he lacked standing to pursue it. (*Ibid*.)

The same is true here with regard to De Smidt's wrongful eviction claim. Although it arose in 2020, after he was granted a discharge, the claim constitutes an "'interest in property that the estate acquires after the commencement of the case,'" as well as a "'product [or] offspring . . . of . . . property of the estate.'" (*Bostanian v. Liberty Savings Bank*, *supra*, 52 Cal.App.4th at pp. 1083-1084, citing 11 U.S.C. § 541(a)(6) & (7).)

In short, the trial court correctly found that De Smidt lacks standing to pursue any of his claims in this case. The trial court, therefore, properly sustained respondents' demurrers without leave to amend. (See *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2006) 136 Cal.App.4th 119, 128 ["A litigant's standing to sue is a threshold issue to be resolved before the matter can be reached on its merits."].) We therefore affirm the judgment for respondents.

IV.

DISPOSITION

The judgment is affirmed.  Respondents may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


FIELDS
J.