Filed 9/30/15  The REMM Group v. Dawood CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE REMM GROUP,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>AMIR DAWOOD et al.,<br><br>    Defendants and Respondents. | G050000<br><br>(Super. Ct. No. 30-2010-00405591)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Appeal dismissed.

Law Offices of Stephen W. Johnson and Stephen W. Johnson for Plaintiff and Appellant The REMM Group.

Mundell, Odlum & Haws, LLP and Karl N. Haws and Jim C. Moore for Defendants and Respondents Cameron Johnson, Vance Johnson, Joana Johnson, Jesse Johnson, Wynema Johnson, and Sana Johnson.

In this appeal, a discharged receiver, The REMM Group (REMM), appealed from a judgment after the successor receiver, Beeline Realty, Inc., entered into a settlement with respondents Amir Dawood et al. After REMM filed an opening brief in which it disputed the validity of three 2011 orders sustaining demurrers, Respondents Cameron Johnson, Vance Johnson, Joana Johnson, Jesse Johnson, Wynema Johnson, and Sana Johnson filed their brief and a motion to dismiss the appeal, arguing REMM does not have standing to appeal. We agree and dismiss the appeal.

FACTS

In 1996, the D. Robert Johnson Family Projects partnership (FPP) was formed as a California Limited Partnership by D. Robert Johnson and his wife, Odette Semaan Johnson (referred to collectively as the Johnsons). After forming FPP, the Johnsons transferred their assets into the partnership and subsequently transferred limited ownership of FPP to their children and their children's spouses, Cameron Johnson, Vance Johnson, Joana Johnson, Jesse Johnson, Wynema Johnson, and Sana Johnson (referred to collectively as the Limited Partners). Section 10.5 of the partnership agreement included a deficit restoration obligation (DRO).

The Johnsons later realized they would not be successful in avoiding creditors by transferring assets to their children and their children's spouses through FPP. The Johnsons entered negotiations with Amir Dawood (Amir), Jamal Dawood, and Younan Dawood (collectively referred to as the Dawoods), who claimed they could assist FPP and its partners in defrauding creditors. The Johnsons and the Dawoods devised a plan to transfer assets to the Dawoods through the fabrication of debt instruments and agreements. The Dawoods and the Johnsons planned to split the funds upon completion of the plan. The Limited Partners allegedly agreed to contribute to the effort to defraud the creditors of FPP.

2

In 2001, the REMM Group (REMM) was appointed receiver for FPP because it became insolvent. In July 2010, REMM was reappointed as receiver for FPP and was given the authority to bring actions on behalf of FPP.

In September 2010, REMM filed a complaint against the Dawoods, D. Robert Johnson, the Limited Partners, and others (referred to collectively as the Respondents) alleging two causes of action, breach of fiduciary duty and breach of contract. The Limited Partners answered and later filed a motion for judgment on the pleadings. The trial court granted the Limited Partners' motion for judgment on the pleadings granting REMM 20 days to amend its complaint.

In March 2011, REMM, represented by new counsel, filed its first amended complaint (FAC) against the Respondents alleging causes of action for breach of fiduciary duty, embezzlement, breach of contract, and declaratory relief. The Limited Partners filed a demurrer, REMM opposed the demurrer, and the Limited Partners replied. In June 2011, the trial court sustained the demurrer without leave to amend the breach of fiduciary duty and embezzlement causes of action. The court sustained with leave to amend the breach of contract and declaratory relief causes of action, causes of action based on the DRO, within 45 days.[1]

In July 2011, REMM filed a second amended complaint against the Respondents again alleging causes of action for breach of fiduciary duty, embezzlement, breach of contract, declaratory relief, and dissolution of partnership. The Limited Partners filed a demurrer, and Younan Dawood and Amir filed their own demurrer. REMM opposed the demurrers, and the Limited Partners replied. In October 2011, the trial court sustained the Limited Partners' demurrer without leave to amend on all but the

---

[1] This order was the subject of our opinion in *Dawood v. Yellow Canary Enterprises, Inc.* (May 3, 2012, G045428) [nonpub. opn.]. This case spawned yet another appellate opinion this time from the Fourth District, Division Two in *Hasso v. Johnson* (June 28, 2013, E053666) [nonpub. opn.].

cause of action for dissolution of the partnership. The following month, November 2011, the trial court sustained the Dawoods' demurrer without leave to amend as to the remaining causes of action.

On November 7, 2011, the trial court discharged REMM as receiver of FPP and appointed Beeline Realty & Property Management, Inc. (Beeline) as receiver of FPP. Pursuant to Beeline's June 2012 opposition motion, the matter continued with REMM as the plaintiff pursuant to Code of Civil Procedure section 368.5.

In February 2014, Beeline, represented by David K. Palmer, and the Limited Partners entered into a stipulation for entry of judgment to dissolve FPP, which released the Limited Partners from debts and liabilities against FPP. On February 24, 2014, a judgment was entered in favor of the Limited Partners and the partnership was dissolved. The judgment states the following: "This [j]udgment pertains to [the Limited Partners] and Plaintiff . . . REMM . . . as prior Receiver and Beeline . . . as successor Receiver ([j]ointly, 'Receiver' or 'Plaintiff') for [FPP] . . . ."

On April 15, 2014, attorney Stephen W. Johnson[2] on behalf of REMM filed a notice of appeal from the February 24, 2014, judgment.

On November 5, 2014, Johnson filed an appellant's opening brief and appellant's appendix on behalf of REMM. In his certificate of interested entities or persons, Johnson did not mention Beeline. Johnson listed himself as "Attorney for Plaintiff/Appellant, . . . REMM . . . ." And Johnson listed "David K. Palmer" as "Trial Court Counsel for Plaintiff/Appellant, . . . REMM . . . ." Nowhere in REMM's appellant's opening brief does Johnson mention Beeline.

---

[2]     The record does not reveal whether attorney Stephen W. Johnson is related to the Johnsons or Respondents.

4

On December 9, the Limited Partners' counsel Jim C. Moore left a telephone message for Beeline's trial counsel Palmer to discuss this appeal.[3] Two days later, Palmer sent an e-mail to Moore's staff stating the following: "Sophia: please pass to [Moore's partner] that I do not represent a litigant in this appeal. The appellant['s] attorney [Johnson] listed me as an 'interested party' on the appellate cover sheet (for some unknown reason). I do not want to make an appearance but if I can be of assistance otherwise, I will. [T]hanks." Later that day, Moore spoke with Palmer, who told Moore the following: "(1) he believed [REMM] 'wanted nothing to do with this appeal, and had no part in it,' (2) that he did not currently represent Beeline, (3) [he] did not know why Beeline was listed as '[r]espondent,' and (4) that, to the best of his knowledge, [Johnson] had never substituted in as counsel for Beeline, or otherwise represented Beeline."

That same day, this court issued notice to Beeline to file its respondent's brief within 15 days pursuant to California Rules of Court, rule 8.220(a)(2). That time passed and Beeline did not file a respondent's brief.

On January 15, 2015, the Limited Partners filed a motion to dismiss the appeal, and the following day filed an amended motion to dismiss the appeal. A few days later, the Limited Partners filed their respondents' brief and respondents' appendix.

A couple weeks later, Johnson filed a notice of errata regarding the appellant's opening brief. In the notice of errata, Johnson states REMM is appearing through its successor and asks that the brief's cover and signature block be corrected. Johnson also requested the introductory lines of the brief be revised to state the following: "'Appellant and Plaintiff, . . . REMM . . . , appearing through the successor receiver Beeline . . . for [FPP] respectfully submits its opening brief. Plaintiff and appellant will hereinafter be referred to as 'Receiver.'" In his certificate of interested entities or persons, Johnson listed himself as "Attorney for Plaintiff/Appellant, . . .

---

[3]    As we explain below, Respondents filed a motion to dismiss the appeal and these facts are from counsel's declaration.

REMM . . . through Successor Receiver, Beeline . . . ." And Johnson listed "David K. Palmer" as "Trial Court Counsel for . . . REMM . . . , Plaintiff/Appellant." Johnson on behalf of REMM opposed the amended motion to dismiss the appeal and subsequently filed an appellant's reply brief.

DISCUSSION

The Limited Partners argue REMM has no standing to bring this appeal. We agree.

"As a general proposition a receiver has no official duties and is not a proper party to any action after being discharged by the court. [Citation.] The discharge order operates as res judicata as to any claims of liability against the receiver in [its] official capacity. [Citation.]" (*Vitug v. Griffin* (1989) 214 Cal.App.3d 488, 494; *Jun v. Myers* (2001) 88 Cal.App.4th 117, 124.)

"'A receiver who has been discharged is relieved from all [its] official duties as such, and he is neither a necessary nor a proper party to an action on any such liability. Clearly, after his discharge, a receiver is not a proper party to an action on a contract made by him in his official capacity. Indeed, an action cannot be maintained against a receiver, even for the purpose of establishing the validity of a claim, after he has been discharged and has ceased to hold any relation to the fund out of which alone payment can be secured.'" (*Brockway etc. Co. v. County of Placer* (1954) 124 Cal.App.2d 371, 375.)

Here, REMM was discharged as receiver in November 2011, and Beeline was appointed as receiver. Once REMM was discharged it was not a proper party to the action. Thus, REMM could not properly appeal from the February 24, 2014, judgment entered between Beeline and the Limited Partners.

In opposition the amended motion to dismiss, REMM raises a number of contentions. First, REMM argues Code of Civil Procedure section 368.5 "permits a successor in interest to continue litigation under the name of the original plaintiff."

6

(Capitalization and bold omitted.) We are unsure how this helps REMM. REMM's notice of appeal lists REMM as the appellant; REMM was not the successor in interest. Beeline, the successor in interest, has not appeared in this appeal having failed to respond to our notice pursuant to California Rules of Court, rule 8.220(a)(2). When we issued that order, a copy of which was served on Johnson, Johnson did not notify this court he represented Beeline. It was not until the Limited Partners filed their motion to dismiss that he asserted he represented Beeline. Contrary to REMM's claim otherwise Code of Civil Procedure section 368.5 "does not confer standing on a party who has *no right to assert* the claim." (*Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1083.) As we explain above, REMM was discharged as receiver and was not a proper party to the action. The fact REMM was mentioned in the judgment does not alter our conclusion as Code of Civil Procedure section 368.5 allows "[t]he action or proceeding [to] be continued in the name of the original party."

Second, REMM contends "any deficiency in form or nomenclature is excusable." (Capitalization and bold omitted.) This is not simply an error in form or nomenclature. Again, REMM was discharged as receiver and it was not a proper party. Beeline was appointed as receiver and entered into settlement with the Limited Partners in February 2014. When given the opportunity, Beeline did not appear in this matter on appeal, and Johnson did not assert he represented Beeline until after the Limited Partners filed their motion to dismiss the appeal. Although Johnson could not become attorney of record in the trial court once the notice of appeal was filed, a procedural bar he could have overcome as he was the one who filed the notice of appeal, he did not assert he represented Beeline until he learned REMM may not have standing.

Finally, REMM's claims the notice of errata and an amended appellant's opening brief remedy any error are meritless. Neither confer standing on REMM.

7

DISPOSITION

The appeal is dismissed. Respondents the Limited Partners are awarded their costs on appeal.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon return of the remittitur. At the same time, also pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify Stephen W. Johnson the matter has been referred to the State Bar.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.